326

THE STATE, EX REL. ADAMS ET AL., APPELLANTS, *v.* GUSWEILER ET AL., JUDGES, APPELLEES.

[Cite as State, ex rel. Adams, v. Gusweiler (1972), 30 Ohio St. 2d 326.]

(No. 71-776—Decided June 28, 1972.)

*Messrs. Taft, Luken & Boyd* and *Mr. David J. Boyd*, for appellant.

*Messrs. Goodman & Goodman* and *Mr. Benjamin Gettler,* for appellees.

SCHNEIDER, J. The arbitration award which is at the root of this litigation was the result of a detailed selection

process involving a panel submitted by the American Arbitration Association. The arbitrator selected was required within 30 days to accept his selection and schedule a hearing. Provision is made in the Agreement in the event he did not accept, as well as for fees and expenses. The arbitrator had "no authority to add to, substract from or in any way modify the terms of" the Agreement. Finally, "the decision rendered by such arbitrator shall be final and binding upon the parties."

Following these detailed provisions, language appears to the effect that either party may appeal an arbitrator's decision without prejudice within 15 days. No procedure for appeal or to whom such appeal is to be made is designated. There is no provision whatever for any *second* or *appellate* arbitration nor are the provisions applicable to arbitration made applicable to a *second* or *appellate* arbitration.

It is arguable that the language as to an appeal, if not wholly meaningless, contemplates an action in a Court of Common Pleas pursuant to R. C. 2711.01 *et seq.* and specifically pursuant to R. C. 2711.10 (authorizing that court to vacate the award) and R. C. 2711.11 (authorizing that court to modify an award). On the other hand, a review *by* the same arbitrator or a review *of* the award by a subsequent arbitrator, as the company contends, may be contemplated. If the latter meaning is the true one, unlimited successive arbitrations without any finality might be involved.

However, the parties do not urge us to construe the Agreement, nor is it necessary to our decision to construe it. We are convinced that whatever may be the reach of R. C. 2711.04, it falls short of authorizing the Court of Common Pleas in this case to appoint a *second* or *appellate* arbitrator to conduct a *second* or *appellate* arbitration of the same issues which were already tried by an arbitrator whose decision is "final and binding upon the parties." Therefore, the Court of Common Pleas was manifestly without jurisdiction to appoint a second arbitrator and

the Court of Appeals was in error in dismissing the action "because relators have an adequate remedy at law."

If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. See *State, ex rel. Northern Ohio Telephone Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6. See, also, *Hall* v. *American Brake Shoe Co.* (1968), 13 Ohio St. 2d 11, 13.

It should be clearly understood that where language seemingly to the contrary appears in our prior decisions, the inferior court had at least basic statutory jurisdiction to proceed in the case. See, for example, *State, ex rel. Dickison,* v. *Court of Common Pleas* (1971), 28 Ohio St. 2d 179 (declaratory judgment); *State, ex rel. Roulhac,* v. *Probate Court* (1970), 21 Ohio St. 2d 105 (action to determine heirship); *State, ex rel. Ferrebee,* v. *Court of Appeals* (1968), 14 Ohio St. 2d 109 (motion for new trial); and *State, ex rel. Winnefeld,* v. *Court of Common Pleas* (1953), 159 Ohio St. 225 (declaratory judgment).

The final question for us arises from the alternative reason upon which the Court of Appeals based its dismissal of the action, *i. e.,* that the Court of Common Pleas had acted prior to the filing of the complaint for a writ of prohibition.

This reasoning is supported by the second sentence of the third paragraph of the syllabus of *State, ex rel. Frasch,* v. *Miller* (1933), 126 Ohio St. 287; the second paragraph of the syllabus of *Marsh* v. *Goldthorpe* (1930), 123 Ohio St. 103; and the fifth paragraph of the syllabus of *State, ex rel. Birckell,* v. *Roach* (1930), 122 Ohio St. 117. However, in none of those cases was the rule, that prohibition may be invoked only to prevent a future act and not to undo an act already performed, necessary to its disposition.

Our present opinion is that a strict adherence to that rule exalts form over substance, particularly where, as here, a total and complete want of jurisdiction by the low-

er court is presented and the issuance of the writ will serve to arrest the authority to act of the arbitrator appointed by that court.

See *State, ex rel. Northern Ohio Telephone Co.,* v. *Winter, supra* (23 Ohio St 2d 6), in which, after an *ultra vires* temporary injunction had been issued by the Court of Common Pleas, we granted a writ of prohibition which was effectual not only to prevent further action by that court but to invalidate the order already made.

Thus, a court which has jurisdiction to issue the writ of prohibition as well as the writs of procedendo and mandamus has plenary power, not only to prevent excesses of lower tribunals, but to correct the results thereof and to restore the parties to the same position they occupied before the excesses occurred.

The judgment below is vacated and the writ prayed for is allowed.

*Judgment vacated and writ allowed.*

O'Neill, C. J., Herbert, Leach and Brown, JJ., concur.

Corrigan and Stern, JJ., dissent.