THE STATE, EX REL. STRAUSS, ADMR., ET AL., APPELLANTS, *v.* COURT OF COMMON PLEAS OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as State, ex rel. Strauss, *v.* Court (1984), 11 Ohio St. 3d 214.]

(No. 83-810—Decided June 27, 1984.)

*Messrs. Willacy & LoPresti, Mr. Aubrey B. Willacy, Mr. Timothy A. Marcovy, Messrs. Weiner, Orkin, Abbate & Suit and Mr. Louis H. Orkin,* for appellants.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Thomas P. Gill and Mr. Patrick Carroll,* for appellees.

*Per Curiam.* This court has consistently held that mandamus will not lie where there is an adequate remedy at law. Appellants do not contest their right to appeal the judgment of the trial court. However, *State, ex rel. Sowell,* v. *Lovinger* (1983), 6 Ohio St. 3d 21, is cited for the proposition that where there is a total want of jurisdiction mandamus will lie regardless of the existence of an adequate remedy at law. In *Sowell,* however, appellants sought both a writ of mandamus and a writ of prohibition. The existence of an adequate remedy at law will not bar an action in prohibition where there is a total want of jurisdiction. *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326 [59 O.O.2d 387]. That is not the case in mandamus actions except where there is a total want of *appellate* jurisdiction and, consequently, no adequate remedy at law. See, *e.g., State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41 [75 O.O.2d 135].

It is well-settled that mandamus will not substitute for an appeal. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28. The judgment of the court of appeals dismissing the application for a writ of mandamus is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.