[THE STATE, EX REL.] CARRIGER, APPELLEE, v. CITY OF GALION ET AL., APPELLANTS.

[Cite as State, ex rel. Carriger, v. Galion (1990), 53 Ohio St. 3d 250.]

(No. 89-588—Submitted June 5, 1990—Decided September 12, 1990.)

*Thomas G. Nicholson,* for appellee.

*Russell B. Wiseman,* prosecuting attorney, for appellants.

*Per Curiam.* We agree with and affirm the judgment of the court of appeals.

For a writ of prohibition to issue the relator must establish that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial authority, (2) the authority is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State, ex rel. Tollis,* v. *Court of Appeals* (1988), 40 Ohio St. 3d 145, 147, 532 N.E. 2d 727, 729.

First, we find that appellant was about to exercise judicial authority. No statute or rule of court authorized the judge to require indigent criminal defendants to work to pay for their appointed counsel. Therefore, appellant

must have assumed that the practice was grounded in judicial authority. He argued in the court of appeals that appeal of a contempt citation would be an adequate legal remedy. Contempt infers judicial authority.

Second, we find that there is no inherent judicial authority that validates the practice. The Supreme Court of the United States has upheld recoupment of appointed-counsel fees from *convicted* defendants if they were afforded the same rights available to other judgment debtors. *Fuller* v. *Oregon* (1974), 417 U.S. 40. However, appellee was not convicted at the time he was ordered to perform labor. Moreover, *Fuller* did not apply to involuntary labor.

The Thirteen Amendment to the Constitution of the United States and Section 6, Article I of the Ohio Constitution prohibit involuntary servitude except as punishment for crime. However, appellant's practice of requiring labor to pay for appointed counsel was not invoked as punishment. We note that the Supreme Court of New Hamsphire has declared that the Thirteenth Amendment bars imposing such involuntary labor even for convicted defendants because it constitutes involuntary servitude for purposes other than punishment. *Opinion of the Justices* (1981), 121 N.H. 531, 431 A. 2d 144. We concur in this opinion. Requiring indigent defendants to work for government to pay for appointed counsel constitutes involuntary servitude for a debt, not punishment for crime. See *United States* v. *Reynolds* (1914), 235 U.S. 133.

Third, we find that appellee has no adequate remedy in the ordinary course of law. Although we have held that appeal of a contempt citation is an adequate legal remedy, *Manrow* v. *Court of Common Pleas of Lucas Cty.* (1985), 20 Ohio St. 3d 37, 20 OBR 285, 485 N.E. 2d 713, we hold that this decision does not apply here because appellant is "without jurisdiction whatsoever" to require involuntary servitude as payment for appointed counsel. This makes the adequacy of appeal irrelevant. See *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 59 O.O. 2d 387, 285 N.E. 2d 22.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.