THE STATE EX REL. MAURER ET AL., APPELLANTS,
*v.* SHEWARD, JUDGE, APPELLEE.

[Cite as *State ex rel. Maurer v. Sheward* (1992), 65 Ohio St.3d 1209.]

(No. 92–1350—Submitted November 24, 1992—Decided December 11, 1992.)

This cause is pending before the court as an appeal from the Court of Appeals for Franklin County.

On July 20, 1992, Governor George Voinovich, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction, and Jill Goldhart, Acting Chief of the Ohio Adult Parole Authority, moved to intervene as appellees in this case, or, alternatively, to file a brief *amicus curiae*. Intervenors or their predecessors filed a motion to intervene, which was denied by the court of appeals on May 15, 1992. Intervenors or their predecessors did not cross-appeal. Accordingly, the court denies the motion to intervene now, as no rule provides for such intervention. However, as the court has announced a liberal rule for intervention at trial by litigants in intervenors' position, see *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, the court grants intervenors' motion to file a brief *amicus curiae*.

Appellee, Judge Richard S. Sheward, has filed a motion to dismiss this cause as moot and a separate motion to dismiss the appeals of appellants Moore, Bellinger, and Salim as moot. The court denies both motions for the following reasons.

Appellee argues that the cause is moot because the underlying action, *Wilkinson v. Maurer*, 91CVH–01–763, which this cause seeks to prohibit from going forward, has already been decided. This was formerly grounds for denial of a writ of prohibition. See, *e.g.*, *State ex rel. Frasch v. Miller* (1933), 126 Ohio St. 287, 185 N.E. 193, paragraph two of the syllabus. However, the court has subsequently allowed a writ to arrest the continuing effect of an order where a court totally lacks jurisdiction. *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22. The court discerns that whether appellee totally lacked jurisdiction is the issue to be determined on appeal, after briefing. Therefore, appellee's motion to dismiss for mootness is without merit.

Appellee also moves to dismiss the appeals of appellants Moore, Bellinger, and Salim as moot, because they have received subsequent clemency from Governor Voinovich after the acts of clemency challenged in *Wilkinson v. Maurer, supra.* The court also denies this motion because none of these appellants has requested dismissal, each has a continuing interest in knowing whether a governor's act of clemency is irrevocable and beyond the jurisdiction of a court, and because appellant Salim received a pardon from former Governor Celeste, but only a commutation of sentence to time served from Governor Voinovich.

Accordingly, upon consideration of the motion to intervene, or, alternatively, to file a brief *amicus curiae* of intervenors Voinovich, Wilkinson, and Goldhart,

IT IS ORDERED by the court that said motion to intervene be, and the same is hereby, denied, and that said motion to file a brief *amicus curiae* be, and the same is hereby, granted.

Upon consideration of appellee's motion to dismiss for mootness and motion to dismiss appeals of appellants Moore, Bellinger, and Salim as moot,

IT IS ORDERED by the court that said motions be, and the same are hereby, denied.

HOLMES, J., not participating.