[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 457.]

THE STATE EX REL. FENWICK, APPELLEE *v.* FINKBEINER, MAYOR, APPELLANT.

[Cite as *State ex rel. Fenwick v. Finkbeiner*, 1995-Ohio-108.]

*Prohibition—Court of appeals errs in granting writ of prohibition to Toledo Director of Health and Environment who was to be dismissed by newly elected mayor under Section 69 of the city's charter, when.*

(No. 94-708—Submitted April 18, 1995—Decided July 5, 1995.)

APPEAL from the Court of Appeals for Lucas County, No. L-93-367.

———————————

{¶ 1} In 1990 and 1991, purporting to act under R.C. 3709.05[1] and Section 102 of its charter,[2] the city of Toledo enacted ordinances creating a city Department of Health and Environment, an advisory Health Commission, and a Director of Health and Environment to replace the statutory board of health otherwise required by R.C. 3709.05. Toledo Municipal Code 139.01, 139.02, and 149.01. Appellee, Joseph W. Fenwick, was appointed Director of Health and Environment on March 26, 1993. In December 1993, appellant, Carlton S. Finkbeiner, then Mayor-elect of Toledo, informed appellee either that he would dismiss him (appellee's version) or not reappoint him (appellant's version) as director. Section 69 of the Toledo Charter[3] permits the mayor to remove departmental directors at will. Subsequently,

---

1. Former R.C. 3709.05 stated in part:

   "Unless an administration of public health different from that specifically provided in this section is established and maintained under authority of its charter, * * * the legislative authority of each city constituting a city health district shall establish a board of health, composed of five members appointed by the mayor and confirmed by the legislative authority, to serve without compensation."

2. Section 102 of the Toledo Charter states:

   "**Change in Departments and Divisions**. The Council may change, abolish, combine, and rearrange the departments and divisions of the City government and combine and distribute the functions and duties thereof upon the written request of the Mayor."

3. Section 69 of the Toledo Charter states in part:

appellee sought a writ of prohibition in the court of appeals, alleging that the aforementioned provisions of the Toledo Municipal Code violate the state Constitution and laws, and that any attempt by appellant to remove him would also be unlawful.

{¶ 2} The court of appeals found the ordinances void *ab initio*, that Toledo had exceeded the scope of authority granted by R.C. 3709.05, and that appellee was a member of the classified state service who could only be dismissed for cause pursuant to R.C. 124.34. It allowed a writ of prohibition. Appellant appealed as a matter of right.

———————————

*Nathan & Roberts, R. Michael Frank* and *W. David Arnold,* for appellee.

*John G. Mattimoe*, Director of Law, *Mark S. Schmollinger*, General Counsel, and *Robert G. Young*, Senior Attorney, for appellant.

*Malcolm C. Douglas*, urging reversal for *amici curiae*, Ohio Municipal League and Ohio Municipal Attorneys Association.

———————————

*Per Curiam.*

{¶ 3} Because we find that appellee has an adequate remedy at law we reverse the judgment of the court of appeals.

{¶ 4} In his first proposition of law, appellant argues that the court of appeals had no authority to issue a writ of prohibition because appellee's dismissal is not a judicial or quasi-judicial act and because appellee has adequate remedies at law, although appellant does not specify the remedies that are adequate. Appellee argues that prohibition is appropriate, or alternatively, that mandamus or quo warranto is appropriate.

---

"**Removals by the Mayor**. The Mayor's staff, all Directors and Commissioners of City departments and all chief administrative officers of any other City agencies shall serve at the pleasure of the Mayor and may be removed at the will of the Mayor."

**{¶ 5}** "The prerequisites for issuing a writ of prohibition are (1) that the respondent is about to exercise judicial or quasi-judicial authority, (2) the authority is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law." *Ohio Dept. of Adm. Serv. v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 53, 562 N.E.2d 125, 130. The court of appeals found appellant was about to engage in quasi-judicial authority by terminating appellee. We concede, without deciding, that dismissal of an employee may be considered a quasi-judicial act under some circumstances. In *State ex rel. Nolan v. ClenDening* (1915), 93 Ohio St. 264, 112 N.E. 1029, an early prohibition case, we allowed the writ, prohibiting a state administrative tribunal with authority to remove certain officers for specified causes from removing the relator for a different cause. However, *Nolan* makes it clear that the decision is predicated on the lack of an adequate remedy. 93 Ohio St. at 272, 112 N.E. at 1031. Thus, the determinative issue in this case, as in *Nolan*, is the availability of adequate legal remedies.

**{¶ 6}** In *Yarosh v. Becane* (1980), 63 Ohio St. 2d 5, 17 O.O.3d 3, 406 N.E.2d 1355, we held at paragraph two of the syllabus:

"The State Personnel Board of Review has jurisdiction over appeals from removals of public employees if it determines that such employees are in the classified service, *regardless of how they have been designated by their appointing authorities*." (Emphasis added.)

**{¶ 7}** Under R.C. 124.40, the municipal civil service commission has the same authority with respect to city health district employees. In *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St. 3d 470, 605 N.E.2d 37, we refused to issue a writ of mandamus to reinstate an employee who claimed to have been wrongly transferred from the classified to the unclassified civil service, and then dismissed the complaint, finding that appeal under R.C. 124.34 was an adequate remedy at

law. See, also, *State ex rel. Gillivan v. Bd. of Tax Appeals* (1994), 70 Ohio St. 3d 196, 638 N.E.2d 74.

{¶ 8} Just as we have held that the statutory appeals process is adequate to deny a writ of mandamus seeking to reinstate an employee, so we hold that such process is adequate to deny a writ of prohibition seeking comparable relief. However, the availability of adequate remedies is irrelevant if the lower tribunal is without jurisdiction whatsoever to act and the lack of jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv, supra*, 54 Ohio St. 3d at 51, 562 N.E.2d at 128-129, citing *State ex rel Adams v. Gusweiler* (1972), 30 Ohio St. 2d 326, 59 O.O.2d 387, 285 N.E.2d 22 (tribunal lacked any jurisdiction whatsoever), and *State ex rel. Safeco Ins. Co. of Am. v. Kornowski* (1974), 40 Ohio St. 2d 20, at 22, 69 O.O.2d 90, at 91, 317 N.E.2d 920, at 921 (lack of jurisdiction was patent and unambiguous).

{¶ 9} In *Gusweiler*, we specifically distinguished cases in which the inferior tribunal had at least basic statutory jurisdiction to proceed in the case. 30 Ohio St.2d at 329, 59 O.O.2d at 389, 285 N.E.2d at 24.

{¶ 10} Section 69 of the Toledo Charter grants appellant basic authority to remove appellee. Moreover, any lack of authority is far from patent and unambiguous. Therefore, the availability of alternative remedies must be considered, and we find that the appeal process provided by R.C. Chapter 124 is an adequate remedy. In so holding, we express no opinion as to the validity of Toledo's ordinances or appellant's ultimate authority to dismiss appellee.

{¶ 11} Appellee's claim that his action is alternatively appropriate in mandamus or quo warranto is unpersuasive. We have held in *Weiss* and *Gillivan*, *supra*, that mandamus is not available to reinstate an employee because the appeal procedure provided by R.C. Chapter 124 is an adequate remedy. Therefore, it is not available to cause retention of an employee faced with dismissal where the rights claimed by the employee include access to R.C. Chapter 124's appeal

procedure. Appellee's quo warranto claim is that appellant is usurping the duties and functions of the board of health. However, a quo warranto claim may be brought by someone other than the Attorney General or a prosecuting attorney only when that person claims title to the office. *State ex rel. Annable v. Stokes* (1970), 24 Ohio St.2d 32, 53 O.O.2d 18, 262 N.E. 2d 863. Appellee makes no claim of title to be the successor to the office of the board of health. Quo warranto has no application to these facts. Moreover, as this case was not argued as a mandamus or quo warranto action in the court of appeals, we find no basis in law to convert it on appeal.

{¶ 12} The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., concurs in judgment only.

DOUGLAS and RESNICK, JJ., not participating.

_____