JOURNAL ENTRY AND OPINION
On July 13, 2000, petitioners, John W. Perotti and Michael Ledger, commenced this prohibition action against respondent, Judge Richard McMonagle, to prevent the confiscation of funds from their prison accounts. Petitioners' prison accounts are being garnisheed pursuant to December 27, 1999 judgment entries of respondent reviving dormant judgments for court costs in State v. Perotti, C.P. Case Nos. CR-14681, 21765, 24692, 172468, 171706, and State v. Ledger, C.P. Case Nos. CR-26542, 27880 and 38840. Respondent moved to dismiss the petition and, for the following reasons, we grant respondent's motion.
A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170. The relief sought herein is a writ of prohibition. A writ of prohibition may be issued only after a petitioner establishes that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) the refusal of the writ would result in injury for which there exists no adequate remedy in the ordinary course of law. State ex rel. McKee v. Cooper (1974), 40 Ohio St.2d 65,320 N.E.2d 286, paragraph one of the syllabus. The existence of an adequate remedy is immaterial, however, if a court is plainly without jurisdiction to proceed. State ex rel. Sanquily v. Lucas County Court of Common Pleas (1991), 60 Ohio St.3d 78, 573 N.E.2d 606; State ex rel. Carriger v. Galion (1990), 53 Ohio St.3d 250, 560 N.E.2d 194; State ex rel. Allstate Insurance Co. v. Gaul (1999), 131 Ohio App.3d 419,722 N.E.2d 616. Otherwise, absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction generally has an adequate remedy via postjudgment appeal within which to pursue any jurisdictional challenge. Clark v. Connor (1998), 82 Ohio St.3d 309,695 N.E.2d 751; State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37,548 N.E.2d 945. Thus, it is only when jurisdiction is patently lacking that a writ of prohibition will lie to undo an order already entered. State ex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 285 N.E.2d 22.
After reviewing the allegations contained in the petition as required, we fail to find any claim sufficient to withstand respondent's motion to dismiss. The trial court was not patently and unambiguously without jurisdiction to authorize the collection of court costs from petitioners' prison accounts.
The assessment of costs in a criminal case is authorized by statute as follows:
 In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid.
R.C. 2947.23. The costs of prosecution are to be included in the sentence, id., and challenges to these costs may be made at the time of appeal, see State v. Farmer (Apr. 17, 2000), Cuyahoga App. No. 75080, unreported. The failure to make such a challenge on appeal will generally preclude subsequent collateral attacks. State ex rel. Whittenberger v. Clarke (2000), 89 Ohio St.3d 207, 729 N.E.2d 756; State v. Spring (July 21, 2000), Ashtabula App. Nos. 99-A-0028, 99-A-0029, unreported; State v. Costa (Sept. 3, 1999), Greene App. No. 99CA0014, unreported.
In addition, specific statutes permit the collection of court costs from prison inmates. R.C. 2969.27 provides, in relevant part, that:
 If an inmate commences a civil action or appeal against a government entity or employee and is granted a judgment for damages in the civil action or appeal, the court shall order that the following be deducted and paid from the award on a pro rata basis before any payment is made to the inmate or the inmate's counsel:
 (A) Any fine, court costs, or court-ordered restitution imposed upon the inmate for an offense for which the inmate is confined or for any previous offense committed by the inmate * * *.
R.C. 2969.27(A). Funds may also be transferred pursuant to R.C. 5120.133, which provides that:
 The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section.
R.C. 5120.133(A). Either of these statutes belies petitioners' claims that respondent acted without jurisdiction and/or that their prison accounts are being garnisheed without authority. Both statutes provide for court-ordered reductions of monies belonging to prison inmates.
Petitioners allege that the confiscation of money from their accounts is unauthorized because they were declared indigent at the time of their criminal proceedings. A declaration of indigency for purposes of a criminal proceeding will not operate as a shield against the collection of court-imposed costs. In State v. Engle (Mar. 19, 1999), Greene App. No. 98-CA-125, unreported, appeal dismissed (1999), 86 Ohio St.3d 1416,711 N.E.2d 1011, where a prisoner contested the garnishment of court costs from his prison account based upon his declared indigency status, the court stated as follows:
 Pursuant to Article IV, Section 4(B) of the Ohio Constitution, the jurisdiction of the courts of common pleas is determined by statute. R.C. 5120.133(A) creates jurisdiction in the court to act as it did here.
 Therefore, the court was within its jurisdiction when it ordered seizure of Engle's funds pursuant to and in accordance with R.C. 5120.133(A).
 Engle's constitutional arguments misconstrue the effect of his status as an indigent. That status does not permit any consequent infringement of the constitutional rights of a criminal accused to access to the courts, to due process of law, to the equal protection of the law, or to the right to the effective assistance of counsel. However, it does not shield him from the burdens imposed on him by the law in the event of conviction. One of those is an obligation to pay for the costs of the action that resulted in his conviction.
 If he owns property that can be applied against the obligation, the court may order it seized, notwithstanding his penury.
In State v. Costa (Sept. 3, 1999), Greene App. No. 99-CA-0014, unreported, the court further stated that:
 Obligations that have been reduced to a money judgment may be satisfied by execution levied on the property of the obligor, including accounts of deposit, absent any notice to the obligor of the execution. The only limitations are in regard to the exemptions and types of exemptions provided by R.C. 2329.66.
Most recently, in State ex rel. Kuhr v. Clerk of Courts (June 28, 2000), Lucas App. No. L-00-1164, unreported, where a prison inmate contested the collection of court costs for a nine-year-old conviction based upon his indigency status, the court dismissed the petitioner's application for a writ of mandamus or prohibition holding that the petitioner's indigency status did not relieve him of the obligation to pay court costs if he owned property that could be applied against the obligation. We find these cases persuasive and similarly hold that petitioners' states of indigency at the time of their convictions do not ipso facto preclude the collection of court costs and do not patently divest respondent of jurisdiction.
Petitioners also allege that respondent lacked jurisdiction because some of their convictions and judgments for court costs were over twenty years old. See R.C. 2329.07 (judgment may become dormant). Assuming these allegations are true and the judgments for court costs became dormant, respondent again was not acting patently and unambiguously without jurisdiction because R.C. 2325.15 specifically permits a court to revive a dormant judgment or finding. Any challenge(s) to the revival of a dormant judgment, such as the expiration of the limitation period, see R.C. 2325.18, may be made on appeal, see State v. Graewe (Aug. 14, 2000), Cuyahoga App. No. 77545, unreported, or, if appropriate, through a Civ.R. 60(B) motion for relief from judgment. In fact, petitioners allege that they indeed have filed Civ.R. 60(B) motions for relief from the judgments of respondent.
Accordingly, respondent'smotion to dismiss is granted. Costs assessed against petitioners. Clerk of court to serve notice upon all parties as provided in Civ.R. 58(B).
TERRENCE O'DONNELL, J. CONCURS
 __________________________________ ANN DYKE, ADMINISTRATIVE JUDGE