ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On July 23, 2002, Romell Broom filed a writ of prohibition against Judge Richard McMonagle to prohibit him from garnishing a portion of his monthly revenue. Broom argues that his account should not be garnished because he was determined to be indigent in each of his cases. On August 19, 2002, the respondent, through the Cuyahoga County Prosecutor's Office, filed a motion to dismiss. For the foregoing reasons, we grant the motion to dismiss.
{¶ 2} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170.
{¶ 3} The relief sought herein is a writ of prohibition. A writ of prohibition may be issued only after a petitioner establishes that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) the refusal of the writ would result in injury for which there exists no adequate remedy in the ordinary course of law. State ex rel. McKee v. Cooper (1974), 40 Ohio St.2d 65,320 N.E.2d 286.
{¶ 4} The existence of an adequate remedy is immaterial, however, if a court is plainly without jurisdiction to proceed. State ex rel. Sanquily v. Lucas County Court of Common Pleas (1991), 60 Ohio St.3d 78,573 N.E.2d 606; State ex rel. Carriger v. Galion (1990), 53 Ohio St.3d 250,560 N.E.2d 194; State ex rel. Allstate Insurance Co. v. Gaul (1999),131 Ohio App.3d 419, 722 N.E.2d 616. Otherwise, absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction generally has an adequate remedy via postjudgment appeal within which to pursue any jurisdictional challenge. Clark v. Connor (1998), 82 Ohio St.3d 309, 695 N.E.2d 751; State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37, 548 N.E.2d 945.
{¶ 5} Thus, it is only when jurisdiction is patently lacking that a writ of prohibition will lie to undo an order already entered. State ex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 285 N.E.2d 22.
{¶ 6} A review of the record indicates that Broom was convicted in four different cases and is currently on death row. In these cases, Broom was ordered to pay the costs of his prosecution. On December 27, 1999, Judge McMonagle entered a judgment entry reviving the previous orders to pay court costs. The entry orders any excess monthly revenue over $10 be garnished from Broom's prison account to pay for legal fees. On June 19, 2000, Judge McMonagle overruled Broom's objections to this judgment entry.
{¶ 7} As the respondent correctly asserts in his motion to dismiss, this court has previously held that a declaration of indigency cannot be used to avoid the collection of court-imposed costs. State ex rel. Pless v. McMonagle (Oct. 26, 2000), Cuyahoga App. No. 78198; See also State ex rel. Acoff v. Coyne (Jan. 29, 2001), Cuyahoga App. No. 78726. Accordingly, Broom's assertions fail to state a claim upon which relief in prohibition can be granted.
{¶ 8} Additionally, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
{¶ 9} Furthermore, we find that relator has failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of prohibition. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
{¶ 10} Accordingly, we grant the respondent's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ denied.
ANN DYKE, P.J., AND TERRENCE O'DONNELL, J., CONCUR.