[Cite as *State v. Bullard*, 2016-Ohio-3504.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals Nos. S-15-026 |
| | S-15-029 |
| Appellee | |
| | Trial Court Nos. 15CR583 |
| v. | 15CR298 |
| Brandon R. Bullard | **DECISION AND JUDGMENT** |
| Appellant | Decided:  June 17, 2016 |

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Nathan T. Oswald, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Brandon Bullard, appeals the October 23, 2015 judgment of the Sandusky County Court of Common Pleas which, following his guilty plea to one count of illegal manufacture of drugs, sentenced him to 72 months in prison. For the reasons that follow, we affirm.

**{¶ 2}** Appellant was indicted on April 23, 2015, and July 1, 2015, on counts of illegal manufacture of drugs, aggravated trafficking of drugs within the vicinity of a school, endangering children, illegal assembly of chemicals for manufacture of drugs, and engaging in a pattern of corrupt activity. The cases were combined, at appellant's request, on August 11, 2015.

**{¶ 3}** On September 11, 2015, appellant entered guilty pleas to one count of illegal manufacture of drugs, a second degree felony, and two counts of illegal assembly of chemicals for manufacture of drugs, third degree felonies. Following the October 21, 2015 sentencing hearing, appellant was sentenced to a total of 72 months in prison. This consolidated appeal followed.

**{¶ 4}** Appellant now raises two assignments of error for our review:

Assignment of Error No. 1: The trial court erred by indicating it could order appellant to perform community service if he failed to pay the costs of appointed counsel.

Assignment of Error No. 2: The trial court erred by failing to orally notify appellant, as required by Crim.R. 43, that it might impose community service if appellant failed to pay the costs of prosecution or his appointed counsel.

**{¶ 5}** Appellant's assignments of error are related and will be jointly addressed. Appellant argues that the trial court erroneously failed to orally notify him that it might impose community service if appellant failed to pay the costs of prosecution or appointed

2.

counsel.  Appellant further contends that the court had no statutory authority to order appellant to perform community service to pay the costs of appointed counsel.

{¶ 6} Appellant's sentencing judgment entries were journalized on October 23, 2015, and identically provided:

> The Court finds that the Defendant has, or may reasonably be expected to have in the future, the means to reimburse Sandusky County for the fees and expenses; and therefore, pursuant to R.C. 2941.51(D), and he shall pay the costs of prosecution, and court appointed counsel fees, for which costs judgment is awarded and execution shall issue thereon.  If the Defendant fails to pay towards the judgment under a payment schedule approved by this court, this court may order the Defendant to perform community service not to exceed 40 hours a month until the judgment is paid or until the court is satisfied that the Defendant is compliant with the approved payment schedule.  Each hour of community service performed, the Defendant will receive credit towards the judgment based on the minimum wage hourly rate and such credit will reduce the judgment by that amount.

{¶ 7} The version of R.C. 2947.23(A) in effect when appellant was sentenced to prison provides, in part:

3.

(A)(1)(a) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. If the judge or magistrate *imposes a community control sanction or other nonresidential sanction*, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

(b) The failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to

timely make payments toward that judgment under an approved payment plan. (Emphasis added.)

**{¶ 8}** Former R.C. 2947.23(A)(1)(a) required the trial court to notify the defendant when imposing its sentence that he may be subject to community service. *See* R.C. 2947.23(A)(1)(a), effective Sept. 28, 2012. That subsection was revised effective March 22, 2013, as set forth above, to require that the court advise the defendant of the community service notification only when it imposes either a community control sanction or other nonresidential sanction. *State v. Lewis*, 9th Dist. Summit No. 27222, 2014-Ohio-4559, ¶ 28. That the court did so when it advised appellant in the judgment entry that his failure to pay court costs could result in the imposition of community service, does not amount to error. *State v. Tunison*, 6th Dist. Wood No. WD-13-046, 2014-Ohio-2692, ¶ 9. Accordingly, we find that appellant's second assignment of error is not well-taken.

**{¶ 9}** As to his first assignment of error, although we agree with appellant's assertion that court-appointed counsel fees may not be the subject of community service, *State ex rel. Carriger v. Galion*, 53 Ohio St.3d 250, 560 N.E.2d 194 (1990), we find that because the notice is a nullity, any error is moot. As far as the requirement that appellant pay the costs of his court-appointed attorney, the trial court specifically found that appellant may have the ability to pay once released from prison. Thus, appellant's first assignment of error is not well-taken.

**{¶ 10}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.