[Cite as *State v. Auxter*, 2017-Ohio-1311.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals Nos. S-16-020 |
| | S-16-021 |
| Appellee | |
| | Trial Court Nos. 16 CR 58 |
| v. | 16 CR 91 |
| David A. Auxter, Jr. | **DECISION AND JUDGMENT** |
| Appellant | Decided: April 7, 2017 |

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney,
for appellee.

Nathan Oswald, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, David A. Auxter, Jr., appeals from the May 13, 2016 judgments

of the Sandusky County Court of Common Pleas imposed in two separate cases, which

have been consolidated for purposes of appeal. In Sandusky County case No. 16 CR 58,

appellant was convicted of unlawful sexual conduct with a minor, a violation of R.C.

2907.04(A), a felony of the fourth degree, and was sentenced to 18 months imprisonment. In Sandusky County case No. 16 CR 91, appellant was convicted of permitting drug abuse, a violation of R.C. 2925.13, a misdemeanor of the first degree, and sentenced to 180 days incarceration in the Sandusky County Jail. This latter sentence was ordered to be served concurrently with the sentence imposed in case No. 16 CR 58. For the reasons which follow, we affirm.

{¶ 2} On appeal, appellant asserts the following assignments of error:

Assignment of Error No. 1. THE RECORD CLEARLY AND CONVINCINGLY FAILS TO SUPPORT THE IMPOSITION OF THE MAXIMUM SENTENCES ON MR. AUXTER.

Assignment of Error No. 2. THE TRIAL COURT ERRED BY NOTIFYING MY AUXTER IT COULD ORDER HIM TO PERFORM COMMUNITY SERVICE IF HE FAILS TO PAY THE COSTS OF HIS APPOINTED COUNSEL.

{¶ 1} The state's summary at the plea hearing and the presentence investigation report presented the following underlying facts for the charges. On September 15, 2015, appellant and a 13-year-old boy were found unconscious in a vehicle and were revived by use of a drug which reverses the effects of opiates. Appellant denied having snorted heroin. Also found in the vehicle was Fentanyl, a Schedule II drug.

{¶ 2} On December 9, 2015, appellant engaged in sexual contact with a 13-year-old minor. The child was reported missing after having left for school. She was

2.

eventually located with appellant, where her probation officer suggested she would most likely be found. The child first claimed appellant had sexually assaulted her and then recanted her allegations and claimed it was "consensual" sex, which appellant admitted.

**Maximum Sentence**

{¶ 3} In his first assignment of error, appellant argues that the record does not support imposition of the maximum sentence for each offense.

{¶ 4} Pursuant to R.C. 2929.14, the maximum sentence for a felony of the fourth degree is a prison term of 18 months and pursuant to R.C. 2929.24(A)(1), the maximum sentence for a misdemeanor of the first degree is a jail term of no more than 180 days.

{¶ 5} In sentencing, a trial court must bear in mind the overriding purposes of sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender" and formulate a sentence which is reasonably calculated to achieve these purposes. R.C. 2929.11(A) and (B); 2929.21(A) and (B). Furthermore, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B); 2929.21(B). The trial court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both" in felony sentencing, R.C. 2929.11(A) and "the impact of the offense upon the victim and the need for changing the offender's behavior,

rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public" in misdemeanor sentencing, R.C. 2929.21(A).

{¶ 6} In exercising its discretion in felony sentencing and to comply with the purposes and principles of sentencing, R.C. 2929.12(B)-(E) set forth factors concerning the seriousness of the offense and recidivism factors that the court must consider in addition to any other relevant factors. In misdemeanor sentencing, R.C. 2929.22(B)-(D) sets forth the factors the trial court must consider as well as any other relevant factors. In sentencing, the court has discretion to impose any sentence within the sentencing range for the degree of the offense unless a more specific statute controls. R.C. 2929.14(A); 2929.22(A).

{¶ 7} The trial court's findings do not need to be specifically stated on the record. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *State v. Hughley*, 8th Dist. Cuyahoga Nos. 92588, 93070, 2009-Ohio-5824, ¶ 14, *superseded by statute on other grounds as stated in State v. Polus*, 2014-Ohio-2321, 12 N.E.3d 1237, ¶ 14 (6th Dist.). A presumption arises that the trial court did consider the statutory factors unless the record clearly shows otherwise. *State v. Hudson*, 7th Dist. Mahoning No. 15 MA 0134, 2017-Ohio-645, ¶ 37; *Hughley* at ¶ 16. Furthermore, the trial court is no longer required to make certain findings before imposing the maximum sentenced permitted by statute. *Hudson* at ¶ 40; *State v. Jones*, 6th Dist. No. L-16-1014, 2017-Ohio-413, ¶ 13 (holding R.C. 2929.22(C) is unconstitutional).

4.

**{¶ 8}** Pursuant to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Clear and convincing evidence has been defined as

> that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

The standard of review for a misdemeanor sentence is whether the trial court abused its discretion. *City of Cleveland v. Meehan,* 8th Dist. Cuyahoga No. 100202, 2014-Ohio-2265, ¶ 7. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 9}** Appellant argues that the trial court did not consider the factors indicating his conduct was "less serious than conduct normally constituting the offense, R.C. 2929.12(C), nor facts which mitigated against appellant's conduct, R.C. 2929.12(C)(4). He argues the trial court did not consider (1) his cognitive delays as a mitigating factor (and may have considered it instead as a significant factor in why the offense occurred);

5.

(2) appellant's remorse and the facts that he had taken responsibility for his actions by pleading guilty and desired to participate in drug and alcohol abuse treatment; and (3) appellant's ability to be rehabilitated evidenced by the fact that he had stayed out of trouble while in jail pending his trial, his counselors had noted a change in his behaviors, and the guards talked about helping appellant get a job when he was released.

{¶ 10} Furthermore, appellant agues the trial court gave no indication it considered appellant's conduct to be "more serious than conduct normally constituting the offense," R.C. 2929.12(B). While appellant had been convicted of prior misdemeanor offenses, he contends he did not have a significant criminal history and this was his first serious offense as an adult. Yet, appellant argues, the trial court sentenced appellant as if had committed the worse forms of the offenses and there were no mitigating factors. The only basis the court stated for imposing the maximum sentences was because a minor was involved. Appellant argues that fact is actually an element of the offense and, therefore should not be a factor for imposing the maximum sentence or else everyone who violated R.C. 2907.04 would deserve the maximum sentence.

{¶ 11} At the sentencing hearing, the state did not make a recommendation as part of the plea negotiation agreement. The victim's grandmother spoke on behalf of the victim. She advocated for a sentence which would prevent appellant from harming another child because she believed he had done such crimes before and would again. She stated his actions had seriously harmed the child in this case and her family.

6.

{¶ 12} Appellant's counsel requested at the sentencing hearing that the court consider that appellant had a ninth grade education, some cognitive delays, is remorseful, had taken responsibility for his actions by entering a guilty plea; wanted help for his drug and alcohol abuse, had already exhibited a change in his behavior according to jail counselors; had stayed out of trouble while in jail; has been promised aid to obtain a job by the jail guards; and he desired to obtain his GED.

{¶ 13} The court noted from the presentence investigation report that appellant did not have a significant criminal history as a juvenile, but he had been convicted, as an adult, of theft, assault, and driving without a license. The record also reflected that appellant was unemployed at the time of the offenses; his probation officer reported appellant had issues with authority at home; during the presentence interview, appellant "expressed no remorse and did not grasp the seriousness of the offense;" appellant self-reported that he had been diagnosed with ADHD and had an IEP while in school; the investigator noted appellant's handwriting and speech indicated some "educational concerns"; and appellant admitted he had been drinking since age 13 and using marijuana, cocaine, heroin, and fentanyl.

{¶ 14} In reviewing the need to incapacitate and rehabilitate appellant, deter others from future crime, and the need to achieve the two overriding purposes of felony sentencing, the court indicated that it took the offenses in this case very seriously because they were offenses against minors who cannot defend themselves.

7.

{¶ 15} Upon a review of the entire record, we find that there is clear and convincing evidence in the record that appellant was beginning to engage, as an adult, in a pattern of committing offenses involving minors which had exposed them to great harm. He had a history of minor offenses as a teenager and a serious drug abuse history. Despite evidence of some cognitive issues, there is nothing in the record indicating that he is unable to conform his conduct to avoid illegal activities. While appellant had entered a guilty plea, he indicated no remorse during his presentence investigation interview. Considering the evidence against him, the guilty plea could have been motivated by other considerations. While appellant had exhibited some positive behavior while detained prior to trial and this fact suggests that he can be rehabilitated, it also suggests that incarceration may be necessary for his rehabilitation to occur. Therefore, we find appellant's sentences are supported by clear and convincing evidence in the record and the trial court considered the statutory factors required by law. Appellant's first assignment of error is found not well-taken.

## Community Service Sanction for Unpaid Costs

{¶ 16} In his second assignment of error, appellant argues the trial court erred by notifying appellant that if he failed to pay the costs of his appointed counsel, he would be ordered to perform community service.

{¶ 17} Appointed counsel fees and expenses cannot be taxed as part of the costs of prosecution, R.C. 2941.51(A), or imposed as a financial sanction under R.C. 2929.18. *State v. Miller*, 2d Dist. Clark No. 08CA0090, 2010-Ohio-4760, ¶ 59. However, the

8.

defendant can be ordered to pay his appointed counsel's fees and expenses if the court finds the defendant "has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person." R.C. 2941.51(D). *See also* R.C. 120.05(D).

{¶ 18} While included in the sentencing judgment, costs of prosecution are not punishment; they are a civil obligation arising out of the criminal proceeding. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 20. *Compare State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 9-15. Likewise, the right to collect the costs of appointed counsel, granted to the state by R.C. 2941.51(D), must be enforced in civil action. *State v. Miller*, 2d Dist. Clark No. 08CA0090, 2010-Ohio-4760, ¶ 61, citing *State v. Crenshaw*, 145 Ohio App.3d 86, 761 N.E.2d 1121 (8th Dist.2001); *State v. Hill*, 2d Dist. Clark No. 04CA0047, 2005-Ohio-3877, ¶ 6.

{¶ 19} However, R.C. 2947.23(B) authorizes a court "to impose community service upon the defendant as a method to pay off or forgive costs" of prosecution. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 15. There is no corresponding statutory provision for enforcing the payment of appointed attorney fees and expenses by converting the fees and expenses to community service.

{¶ 20} The Ohio Supreme Court has held that criminal defendants, who have not yet been convicted, cannot be required to do community service to pay the cost of appointed counsel. *State ex rel. Carriger v. Galion*, 53 Ohio St.3d 250, 251, 560 N.E.2d 194 (1990). In dicta, the Ohio Supreme Court also concurred with the opinion of the

9.

New Hampshire Supreme Court in *Opinion of Justices*, 121 N.H. 531, 533, 431 A.2d 144 (1981), that the conversion of attorney fees and expenses to community service for convicted defendants would constitute involuntary servitude, a violation of the Thirteenth Amendment to the United States Constitution, because it is not imposed as a punishment but as a remedy for nonpayment of a civil debt. *Carriger* at 251. Therefore, we have held that a trial court may not order unpaid attorney fees and expenses to be converted to community service. *State v. Bullard*, 6th Dist. Sandusky Nos. S-15-026, S-15-029, 2016-Ohio-3504, ¶ 9.

{¶ 21} In the case before us, the trial court's notice that appellant's unpaid appointed attorney fees and expenses could be converted to community service if unpaid, was erroneous. Appellant's second assignment of error is well-taken.

{¶ 22} We hereby find that the portion of each judgment of the Sandusky County Court of Common Pleas notifying appellant that his unpaid appointed counsel fees and expenses could be converted to community service is a nullity and void. Having found the trial court did not otherwise commit error prejudicial to appellant and that substantial justice has been done, the judgments are affirmed. Appellant is ordered to pay the court costs incurred on appeal.

Judgments void, in part,
and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE