[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 418.]

THE STATE EX REL. SMITH, APPELLEE, *v.* SMITH, JUDGE, ET AL., APPELLANTS.

[Cite as *State ex rel. Smith v. Smith,* 1996-Ohio-215.]

*Prohibition preventing juvenile court judge from proceeding with a parentage action denied, when.*

(No. 95-1215—Submitted February 20, 1996—Decided April 10, 1996.)

APPEALS from the Court of Appeals for Cuyahoga County, No. 67806.

_____

{¶ 1} Appellee, Paula Ann Smith, was born in Zimbabwe to parents who were citizens of South Africa. Appellee subsequently became a Canadian citizen. Appellee met appellant Timothy Johnson while they were students attending Bowling Green State University in Ohio. At the time, appellee and her parents resided in Ohio.

{¶ 2} After appellee became pregnant as a result of sexual intercourse occurring in Ohio, she left for South Africa in September 1993. On December 25, 1993, appellee gave birth to a son in Pretoria, South Africa. Appellee placed her child for adoption in South Africa in accordance with the law of that country, which requires the consent only of the mother of an illegitimate child to effectuate an adoption. The adoption was finalized in January 1994.

{¶ 3} In February 1994, Johnson filed a complaint in the Cuyahoga County Court of Common Pleas, Juvenile Division, to establish a parent and child relationship between himself and appellee's child. As of the date Johnson filed his parentage action, appellee had returned to Ohio. Appellee moved to dismiss the parentage action because the juvenile court lacked *in personam* jurisdiction over her child and the adoption had been finalized in South Africa. Appellant Judge Burke E. Smith overruled appellee's motion. Judge Smith noted that the parties had acknowledged that Johnson had no knowledge that appellee gave birth to the child

until February 1994, when he promptly filed the parentage action. Judge Smith further determined that the South African adoption decree did not bar the parentage action and was not *res judicata*. He set the matter for evidentiary hearing.

{¶ 4} Appellee then filed a complaint in the Court of Appeals for Cuyahoga County requesting a writ of prohibition preventing Judge Smith from proceeding with the parentage action.  The court of appeals permitted Johnson to intervene. Following the submission of evidence and briefs, the court of appeals granted the writ of prohibition.

{¶ 5} The cause is now before the court upon  appeals as of right.

_____

*Mary Ann S. Johanek*, for appellee.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Gregory B. Rowinski* and *Jeffrey I. Sherwin*, Assistant Prosecuting Attorneys, for appellant Judge Burke E. Smith.

*Kohrman, Jackson & Krantz* and *Barbara K. Roman*, for appellant Johnson.

_____

***Per Curiam.***

{¶ 6} Appellants assert that the court of appeals erred in granting the writ of prohibition.  In order to be entitled to a writ of prohibition, appellee had to establish that Judge Smith was about to exercise judicial or quasi-judicial authority, that the exercise of that power was unauthorized by law, and that denying the writ would have resulted in injury for which no other adequate remedy existed in the ordinary course of law.  *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 116, 647 N.E.2d 807, 809.  It is uncontroverted that Judge Smith was about to exercise judicial authority in proceeding with the parentage action.

{¶ 7} As to the remaining requirements for a writ for prohibition, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's

2

jurisdiction has an adequate remedy at law by appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112. The court of appeals determined that the availability of appeal was immaterial because Judge Smith patently and unambiguously lacked jurisdiction to proceed.

{¶ 8} Juvenile courts have original jurisdiction over parentage actions. R.C. 3111.06(A). A putative father is a proper party to bring an action to determine the existence or nonexistence of the father and child relationship. R.C. 3111.07(A). Pursuant to the foregoing provisions, Judge Smith possessed basic authority to proceed in the parentage action. See *State ex rel. Fenwick v. Finkbeiner* (1995), 72 Ohio St.3d 457, 460, 650 N.E.2d 896, 898.

{¶ 9} Nevertheless, the court of appeals concluded that despite Judge Smith's basic statutory jurisdiction, the South African adoption decree divested him of jurisdiction under R.C. 3107.15 and 3107.18. R.C. 3107.15(A) provides that a final decree of adoption issued by an Ohio court has the effect of terminating all parental rights of biological parents and creating parental rights in adoptive parents.

{¶ 10} R.C. 3107.18 provides:

"Except when giving effect to such a decree would violate the public policy of this state, a court decree terminating the relationship of parent and child, or establishing the relationship by adoption, issued pursuant to due process of law by a court of any jurisdiction outside this state, whether within or outside the United States, shall be recognized in this state, and the rights and obligations of the parties as to all matters within the jurisdiction of this state, including without limitation, those matters specified in section 3107.15 of the Revised Code, shall be determined as though the decree were issued by a court of this state."

{¶ 11} In support of the court of appeals' holding, appellee contends that an adoption decree bars subsequent parentage actions because of considerations of *res judicata* and standing. See, *e.g., Gilbraith v. Hixson* (1987), 32 Ohio St.3d 127, 512 N.E.2d 956, syllabus ("The doctrine of *res judicata* can be invoked to give

conclusive effect to a determination of parentage contained in a dissolution decree or a legitimation order, thereby barring a subsequent paternity action brought pursuant to R.C. Chapter 3111."); *Farley v. Farley* (1992), 85 Ohio App.3d 113, 116, 619 N.E.2d 427, 429 (R.C. 3107.15 denies standing to relatives of parents whose parental rights were terminated by adoption).

{¶ 12} However, assuming its applicability to the South African adoption decree, R.C. 3107.15 does not divest juvenile courts of jurisdiction to proceed in parentage actions. Issues of *res judicata* and standing do not attack a court's jurisdiction and can be adequately raised by postjudgment appeal. *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 251, 594 N.E.2d 616, 621; *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*(1995), 74 Ohio St.3d 19, 21, 655 N.E.2d 1303, 1305-1306.

{¶ 13} Further, it is not patent and unambiguous that the South African adoption decree is entitled to comity and the effects specified in R.C. 3107.15(A). Under R.C. 3107.18, a foreign adoption decree will not be accorded the status of an Ohio adoption decree if public policy of this state would be violated or the foreign adoption decree was not issued pursuant to due process of law. Therefore, the recognition and effectiveness of a foreign adoption decree are subject to the condition that the decree not be repugnant to the laws of Ohio. See, generally, 3 Spike, Ohio Family Law and Practice (1994) 686, Section 46.39.

{¶ 14} The court of appeals determined that giving effect to the South African adoption decree would not violate the public policy of the state because "R.C. 3107.15(A)(1) sets forth a clear public policy of terminating the relationship between the biological parents and the adopted child." The court of appeals further stated that the South African decree was effective because "due process does not require actual notice to the biological father of adoption proceedings in all circumstances."

{¶ 15} We have previously noted that R.C. 3107.15 reflects the General Assembly's intent to find families for children. *In re Adoption of Ridenour* (1991), 61 Ohio St.3d 319, 328, 574 N.E.2d 1055, 1063. However, R.C. 3107.06 and 3107.07 reflect a countervailing policy that biological parents' consent to adoption is required except under limited circumstances. The requirement of consent to adoption by a natural parent, except under the specific statutorily enumerated conditions, "protects the statutory adoption scheme from attack on the ground that the adoption proceedings operate to deprive such a parent of the rights of custody and control without due process of law." Spike, *supra*, at 644, Section 46.08.

{¶ 16} "Because of the finality and serious impact of adoption, the law accords protections to a natural parent when the adoption of a child is proposed. Among those protections are the right to adequate notice and an opportunity to be heard before any parental rights which may exist are terminated." *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 298, 638 N.E.2d 999, 1003, citing *Lehr v. Robertson* (1983), 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614. Parents have a fundamental liberty interest in the care, custody and management of their children. *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, 1171.

{¶ 17} In the case at bar, South African law did not require any notice to the biological father of an illegitimate child to effectuate the adoption decree. Unlike the putative father in *Lehr*, *supra*, 463 U.S. at 261-262, 103 S.Ct. at 2993-2994, 77 L.Ed.2d at 626-627, there was no evidence that Johnson forfeited his opportunity to demonstrate a full commitment to the responsibilities of parenthood so as to waive the requirement of notice of the adoption proceeding. Therefore, it is arguable that the South African adoption decree was not entered in accordance with due process of law and that giving effect to such decree would violate the public policy of this state.

{¶ 18} Judge Smith did not patently and unambiguously lack jurisdiction to proceed in Johnson's parentage action, and appellee failed to establish the

inadequacy of a postjudgment appeal to raise her claims concerning R.C. 3107.15, 3107.18, *res judicata*, and standing. Accordingly, appellee is not entitled to extraordinary relief in prohibition. For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

—————————