DECISION
{¶ 1} Relator, Ralkers, Inc., has filed an original action in prohibition requesting this court to issue a writ of prohibition to prohibit respondent, Ohio Liquor Control Commission, from proceeding with adjudicatory hearings or issuing adjudicatory orders in connection with allegations that relator violated state liquor control statutes and/or rules at its licensed premises in Massillon, Ohio. Respondent countered with a motion to dismiss, pursuant to Civ.R. 12(B)(6), alleging that, even taking all material allegations as true and construing all reasonable inferences in favor of relator, relator can prove no set of facts entitling it to a writ of prohibition.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate addressed relator's argument that the Ohio Department of Public Safety/Liquor lacks jurisdictional standing to cite relator for its alleged license violations, and lacks standing to prosecute those citations before respondent. The magistrate decided relator's action in prohibition should be dismissed because relator is unable to demonstrate that respondent lacks subject-matter jurisdiction, and because a decision of respondent on the issue of jurisdictional standing could be the subject of an appeal, pursuant to R.C. 119.12, thus giving relator a plain and adequate remedy at law. No objections have been filed to the magistrate's decision.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the evidence, this court finds there is no error of law or other defect on the face of the magistrate's decision and adopts it as its own. Therefore, relator's action requesting a writ of prohibition is dismissed.
Action for writ of prohibition dismissed.
Lazarus, P.J., and Petree, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Ralkers, Inc.,: Relator, : v. : No. 04AP-779 Liquor Control Commission, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on August 27, 2004 Craig T. Conley, for relator.
Jim Petro, Attorney General, Daniel P. Jones and AnthonyD. Siciliano, for respondent.
 IN PROHIBITION ON RESPONDENT'S MOTION TO DISMISS {¶ 4} In this original action, relator, Ralkers, Inc., allegedly holds a liquor control permit expiring February 1, 2005. Relator requests that this court issue a writ prohibiting respondent, Liquor Control Commission, from proceeding with further adjudicatory hearings and from issuing any adjudicatory orders regarding allegations that relator violated state liquor control statutes and/or rules on or about February 23 and/or 24, 2003, at relator's licensed premises at Massillon, Ohio.
Findings of Fact:
 {¶ 5} 1. According to the complaint, relator is an Ohio corporation doing business in this state under a liquor control permit issued February 1, 2004, and expiring February 1, 2005.
 {¶ 6} 2. According to the complaint, on or about April 26, 2003, the Ohio Department of Public Safety/Liquor ("liquor department") by and through its agent Robinson issued multiple notices of violations to relator based upon alleged violations of statutes and/or rules that occurred on or about February 23 and/or 24, 2003, at relator's licensed premises in Massillon, Ohio.
 {¶ 7} 3. According to the complaint, none of the alleged violations were witnessed by a liquor department agent, no arrests were made by the local police agency, the Massillon Police Department, and no written request for issuance of a liquor citation was made by the Massillon Police Department.
 {¶ 8} 4. According to the complaint, the liquor department issued notices that respondent would hear the alleged violations on February 12, 2004.
 {¶ 9} 5. According to the complaint, during the administrative hearing, Sgt. Thomas J. Minarcheck, who is the liquor control officer of the Massillon Police Department, testified that he does "`all the liquor permits, keep[s] track of all of the liquor permits for the city,'" and that he had not made a written request of the liquor department for a citation to be issued against relator and that he was unaware of anyone else from his department having done so.
 {¶ 10} 6. According to the complaint, during said administrative hearing, no evidence of such a written request was submitted.
 {¶ 11} 7. According to the complaint, during the administrative hearing, relator orally moved to dismiss the citations regarding the alleged violations. Thereafter, a written motion to dismiss was filed with respondent. Relator's motion to dismiss alleged that respondent lacked jurisdiction pursuant to Ohio Adm. Code 4301:1-1-61.
 {¶ 12} 8. According to the complaint, respondent denied relator's motion to dismiss on April 29, 2004, and the liquor department thereafter issued a notice of hearing setting a continued hearing before respondent for May 20, 2004.
 {¶ 13} 9. According to the complaint, the May 20, 2004 hearing commenced as scheduled but was continued for an indefinite future date.
 {¶ 14} 10. According to the complaint, on July 23, 2004, the liquor department issued a notice of hearing setting a continued hearing before respondent for September 2, 2004.
 {¶ 15} 11. According to the complaint, respondent lacks jurisdiction to conduct the hearing scheduled for September 2, 2004, and lacks jurisdiction to issue any adjudicatory orders regarding the alleged violations because allegedly there was a failure to comply with Ohio Adm. Code 4301:1-1-61(C).
 {¶ 16} 12. According to the complaint, the liquor department has established a written policy regarding mandatory compliance with Ohio Adm. Code 4301:1-1-61(C).
 {¶ 17} 13. In its complaint, relator requests that this court issue a writ of prohibition against respondent.
 {¶ 18} 14. On August 13, 2004, respondent filed a motion to dismiss this action.
 {¶ 19} 15. On August 19, 2004, relator filed its brief in opposition to the motion.
Conclusions of Law:
 {¶ 20} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. State ex rel. Boggs v. SpringfieldLocal School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. In reviewing the complaint, this court must take all the material allegations as admitted and construe all reasonable inferences in favor of relator. Id.
 {¶ 21} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him or her to recover. O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242.
 {¶ 22} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. State ex rel. Tubbs Jones v.Suster (1998), 84 Ohio St.3d 70, 73. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. Id.
 {¶ 23} A writ of prohibition "tests and determines `solely and only' the subject matter jurisdiction" of the lower court.State ex rel. Eaton Corp v. Lancaster (1988),40 Ohio St.3d 404, 409; State ex rel. Staton v. Common Pleas Court (1965),5 Ohio St.2d 17, 21; Tubbs Jones, supra.
 {¶ 24} As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no other adequate remedy in the ordinary court of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 178.
 {¶ 25} If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. Stateex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 329.
 {¶ 26} R.C. 4301.022 establishes the liquor control commission which consists of three commissioners appointed by the governor with the advice and consent of the senate.
 {¶ 27} R.C. 4301.03 provides that the liquor control commission may adopt and promulgate rules necessary to carry out Revised Code Chapters 4301 and 4303.
 {¶ 28} R.C. 4301.03(A) provides that the liquor control commission may adopt "rules governing the procedure of the division of liquor control in the suspension, revocation, and cancellation of such permits."
 {¶ 29} R.C. 4301.04 sets forth the powers of the liquor control commission. R.C. 4301.04(A) grants to the commission the power "[t]o suspend, revoke, and cancel permits." R.C. 4301.04(B) grants to the commission the power to hear and determine "all complaints for the revocation of permits."
 {¶ 30} Ohio Adm. Code 4301:1-1-61(C), a rule promulgated by the liquor control commission, states:
When a request for citation is made to the division of liquor control or department of public safety by a law enforcement agency, such request must be submitted in writing within thirty days of the date of the alleged violation except where an arrest has been made in connection with the alleged violation.
 {¶ 31} As previously noted, in reviewing the complaint, this court must take all the material allegations as admitted and construe all reasonable inferences in favor of relator. Boggs,
supra. Accordingly, in reviewing the complaint, this court must assume that relator can prove that there was a failure to follow Ohio Adm. Code 4301:1-1-61(C).
 {¶ 32} Citing Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty.Bd. of Revision (1999), 86 Ohio St.3d 181, for the proposition that a party's "[s]tanding is jurisdictional in administrative appeals," relator argues that the so-called "liquor department" lacked jurisdictional standing to issue citations to relator for the alleged violations and to prosecute those citations before the liquor control commission. Relator further alleges that it logically follows that, in the absence of the liquor department's jurisdictional standing to prosecute the citations before the commission, the liquor control commission lacks subject matter jurisdiction to hear the citations. The magistrate disagrees with relator's legal propositions.
 {¶ 33} To begin, contrary to relator's suggestion, VictoriaPlaza does not stand for the proposition that an administrative tribunal lacks subject matter jurisdiction when a party lacks standing to bring an appeal before the administrative tribunal. In Victoria Plaza, the holder of an equitable interest in property filed a complaint with the Cuyahoga County Board of Revision ("BOR") to establish the purchase price as the true value of the property. After BOR dismissed the complaint, appeals were taken to the Board of Tax Appeals ("BTA"). The BTA reversed the BOR's decision that the BOR lacked jurisdiction and remanded the case to the BOR to determine the true value of the property. On an appeal as of right, the Supreme Court of Ohio held that the holder of an equitable interest in real property does not have standing to file a valuation complaint. The Supreme Court, inVictoria Plaza, wrote, at 182-183:
In Soc. Natl. Bank v. Wood Cty. Bd. of Revision (1998),81 Ohio St.3d 401, 403, 692 N.E.2d 148, 150, we held that a complainant under the statute "must own taxable real property in the county at the time the complaint is filed." In Buckeye Foodsv. Cuyahoga Cty. Bd. of Revision (1997), 78 Ohio St.3d 459, 461,678 N.E.2d 917, 919, we ruled that standing to file valuation complaints is jurisdictional. Standing is jurisdictional in administrative appeals "where parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction." State exrel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 77,701 N.E.2d 1002, 1008, fn. 4. Thus, to have standing, one filing a valuation complaint as the owner of real property must own real property in the county when such person files the complaint to invoke the jurisdiction of the board of revision.
 {¶ 34} Significantly, Victoria Plaza did not involve a petition for a writ of prohibition. While the Victoria Plaza
court found that the holder of the equitable interest in the property lacked standing to file a valuation complaint, the court did not hold that the BOR or the BTA lacked subject matter jurisdiction.
 {¶ 35} The Tubbs Jones case, cited by the Victoria Plaza
court, makes it clear that relator's argument lacks merit. TubbsJones did involve a petition for a writ of prohibition. InTubbs Jones, the petitioner alleged that the common pleas court lacked subject matter jurisdiction over a petition for a declaration of wrongful imprisonment filed by the special administrator of the estate of Dr. Samuel Sheppard, a physician who was convicted of murder in the second degree of his wife. Dr. Sheppard later obtained a writ of habeas corpus from the United States Supreme Court and upon retrial was found not guilty. TheTubbs Jones court denied the petition for a writ of prohibition. On the standing issue, the court wrote, at 76-77:
Relator also contends that the Sheppard estate lacks standing to bring a claim for wrongful incarceration because R.C. 2743.48
applies only to the person who is alleged to have been wrongfully incarcerated and that the statute does not extend the cause of action to representatives, heirs, and assigns of that person. Relator claims that any cause of action for wrongful imprisonment abated with the death of Sheppard, and that without standing to bring a claim, a party fails to satisfy the constitutional requirement of justiciability in order to invoke the jurisdiction of the court. However, respondent Suster contends that standing does not attack a court's jurisdiction. It is an issue that is appealable as error, and cannot be the basis for a writ of prohibition.
Although a court may have subject matter jurisdiction over an action, if a claim is asserted by one who is not the real party in interest, then the party lacks standing to prosecute the action. The lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter. Civ.R. 17. Unlike lack of subject matter jurisdiction, other affirmative defenses can be waived. Houser v. Ohio Historical Soc. (1980),62 Ohio St.2d 77, 16 O.O.3d 67, 403 N.E.2d 965. Lack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court. State ex rel. Smith v.Smith (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369;State ex rel. LTV Steel Co. v. Gwin (1992), 64 Ohio St.3d 245,251, 594 N.E.2d 616, 621. [Fn. omitted.]
R.C. 2305.02 confers subject matter jurisdiction upon the common pleas court in a wrongful imprisonment case. The relator's challenge to jurisdiction on the basis of the estate's lack of standing does not attack the court's subject matter jurisdiction, but rather its power to hear the claim as asserted by this particular party. Standing is a threshold question for the court to decide in order for it to proceed to adjudicate the action. The trial court has discretion to decide whether the estate is a proper party to assert the claim.
A trial court's decision on the issue of standing is properly challenged in a postjudgment appeal rather than via extraordinary writ. State ex rel. Smith v. Smith, 75 Ohio St.3d at 420,662 N.E.2d at 369; State ex rel. LTV Steel, 64 Ohio St.3d at 251,594 N.E.2d at 621. Therefore, we need not reach the legal issues of abatement or survival. We find that the trial court did not lack jurisdiction over this action based upon the estate's standing to bring on action under R.C. 2305.02.
 {¶ 36} In short, relator's reliance on Victoria Plaza is clearly misplaced.
 {¶ 37} In Huffman v. Huffman, Franklin App. No. 02AP-101, 2002-Ohio-6031, at ¶ 39-40, this court had occasion to succinctly explain subject matter jurisdiction:
Subject matter jurisdiction is only one form of jurisdiction.State v. Swiger (1998), 125 Ohio App.3d 456, 462; Bureau ofSupport v. Brown (Nov. 6, 2001), Carroll App. No. 00APO742. See, also, State v. Parker, 95 Ohio St.3d 524, 529, 2002-Ohio-2833. "Subject matter jurisdiction defines the power of the court overclasses of cases it may or may not hear." (Emphasis added.)State ex rel. Wright v. Griffen (July 1, 1999), Cuyahoga App. No. 76299. See, also, Swiger at 463, agreeing with In theMatter of Waite (1991), 188 Mich.App. 189, 199-200,468 N.W.2d 912, 917. Subject matter jurisdiction focuses on whether the court is the proper forum to hear the class of cases within which a particular case falls, such as common pleas court, municipal court, or juvenile court. Swiger at 462.
In contrast, jurisdiction of the particular case, otherwise referred to as the "exercise" of jurisdiction, is the trial court's authority to decide a particular case within the class of cases within its subject matter jurisdiction. Id.; Griffen;Brown. Compliance with statutory requirements or procedural prerequisites are components of a court's exercise of jurisdiction. State v. Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75; Swiger at 462-463; Griffen, supra. "It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction of the particular case merely renders the judgment voidable." Swiger at 462. In accord, Brown; Wilfong; State v. Filiaggi (1999),86 Ohio St.3d 230, 240.
 {¶ 38} Given what the Supreme Court of Ohio and this court have said about subject matter jurisdiction, it appears beyond doubt from the complaint that relator can prove no set of facts entitling it to a writ of prohibition against the liquor control commission. Even if relator can prove noncompliance with Ohio Adm. Code 4301:1-1-61(C), the liquor control commission retains subject matter jurisdiction to determine the so-called jurisdictional standing issue that relator attempts to raise in this original action. The decision of the liquor control commission on the jurisdictional issues that relator administratively raises can be the subject of an R.C. 119.12
appeal to the common pleas court, thus giving relator a plain and adequate remedy at law.
 {¶ 39} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion to dismiss on grounds that the complaint fails to state a claim upon which relief in prohibition can be granted.
 /s/ Kenneth W. Macke 
KENNETH W. MACKE MAGISTRATE