[Cite as *Ctr. for Family & Child Dev. v. Daley*, 2013-Ohio-2592.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| THE CENTER FOR FAMILY AND | : | Hon. W. Scott Gwin, P.J. |
| CHILD DEVELOPMENT, ET AL | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| Plaintiffs-Appellants | : | |
| | : | |
| -vs- | : | Case No. CT2012-0054 |
| | : | |
| MELISSA DALEY, ET AL | : | |
| | : | O P I N I O N |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Muskingum County Court of Common Pleas, Case No. CC2011-0590

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 20, 2013

APPEARANCES:

For - Appellants

PETER CULTICE
58 N. Fifth St.
Zanesville, OH 43701

For - Donald Davis
DERRICK MOOREHEAD
58 N. Fifth St.
Zanesville, OH 43701

For - Appellees

SCOTT EICKELBERGER
RYAN LINN
50 N. Fourth Street
Zanesville, OH 43701

For - Bradley Bumpus
D. WESLEY NEWHOUSE
NPL&M
5025 Arlington Centre Blvd.
Columbus, OH 43220

*Gwin, P.J.*

{¶1} Appellants appeal the October 18, 2012 judgment entry of the Muskingum County Court of Common Pleas granting summary judgment to appellees and dismissing the action without prejudice.

*Facts & Procedural History*

{¶2} Appellants The Center for Child and Family Development ("CFCD") and Phillip Arthur ("Arthur") filed their complaint on November 18, 2011, alleging various civil torts including fraud and breach of duty of loyalty against appellees, current and previous officers and directors of CFCD or others to whom payments had been made by CFCD. Simultaneously with their complaint, appellants filed a motion to appoint receiver. After appellees filed their answers, they filed a motion to dismiss on December 19, 2011, alleging appellant Arthur lacked standing to maintain the action because he did not have the authority to act on behalf of CFCD and was not the president of the board of trustees of CFCD.

{¶3} The trial court decided that before concluding whether to appoint a receiver, the court had to determine whether appellants had standing to file and maintain the cause of action. On December 29, 2011, appellees and appellants stipulated to the use of a special master. Counsel for appellees and appellants signed and filed an agreed entry appointing a special master. The trial court appointed the special master to research and investigate the issue of whether or not appellants had standing to file and maintain the cause of action; determine who are board members; and determine who constituted the board at the time the complaint was filed. The agreed order required the special master to submit a written report with his

recommendations. Though the special master had "serious questions" about corporate expenditures and conflicts of interest of CFCD, he limited his inquiry to the questions asked by the trial court and concluded that "Arthur does not have standing to maintain this action, that the board members at the time this action was initiated (November 18, 2011) were Richard Hull, Patrick Hurley, and Valerie McHenry, and that the current board members of the Corporation are Richard Hull, Patrick Hurley, Valerie McHenry, and Rick Cline." The special master provided his original report to the trial court, with copies to be distributed to all parties. The trial court filed the report of the special master under seal.

{¶4} On May 24, 2012, appellees filed a joint motion for summary judgment for failure of the real party in interest to commence the action. Appellees incorporated the report of the special master into their motion, attached as an exhibit a May 8, 2012 resolution of CFCD to dismiss the current action, and attached as an exhibit an affidavit of Richard Hull, stating he is a member of the board of trustees of CFCD and stating the copy of the action of the board members to dismiss the above-captioned lawsuit is a true and accurate copy of the original document containing his signature and the signature of the other board members.

{¶5} Appellants filed a motion to strike the motion for summary judgment or motion to deny summary judgment on May 29, 2012, stating the trial court requested a dismissal entry without prejudice based on the report of the special master and arguing the court should deny the motion for summary judgment because the motion does not comply with Rule 56 and because no depositions, answers to interrogatories, written admissions, affidavits, transcripts or written stipulations of fact exist. At the conclusion

of their motion, appellees requested the trial court schedule a hearing on the report of the special master. The trial court denied appellants' motion to set a hearing to challenge the recommendations of the special master on July 9, 2012.

{¶6} A scheduling order issued by the trial court on July 9, 2012 stated that "all parties who desire to oppose said motion for summary judgment shall file all documents, exhibits, affidavits, etc. as contemplated under Civil Rule 56 together with a legal brief in opposition to the motion on or before August 9, 2012." Pursuant to the scheduling order, reply briefs were due on or before August 24, 2012. On August 9, 2012, appellants filed a memorandum in opposition to summary judgment, again stating appellees failed to submit any Rule 56(C) evidence in support of their motion. Appellees filed a reply on August 24, 2012.

{¶7} The trial court granted summary judgment to appellees on October 18, 2012, finding Arthur was not the real party in interest and lacked standing to pursue the current action. The trial court based its decision on the report of the special master, Exhibit A, and Exhibit B of appellees' motion for summary judgment. Appellants appeal from the October 18, 2012 judgment entry and raise the following assignment of error on appeal:

{¶8} "I. THE MUSKINGUM COUNTY, OHIO, COURT OF COMMON PLEAS (TRIAL COURT) ERRED AS A MATTER OF LAW IN ITS DECISION GRANTING SUMMARY JUDGMENT TO DEFENDANTS-APPELLEES SINCE DOCUMENTS NECESSARY FOR THE TRIAL COURT TO CONSIDER PURSUANT TO RULE 56(C) OF THE OHIO RULES OF CIVIL PROCEDURE WERE NOT PRESENT BEFORE THE TRIAL COURT."

*Real Party in Interest*

**{¶9}** Civil Rule 17(A) provides in part:

"Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect if the action had been commenced in the name of the real party in interest."

**{¶10}** A real party in interest is "one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefited or injured by the outcome of the case." *Shealy v. Campbell*, 20 Ohio St.3d 23, 24-25, 485 N.E.2d 701 (1985). If one who is not the real party in interest asserts a claim, then the party lacks standing to prosecute the action, but the court is not deprived of subject matter jurisdiction. See *State ex rel. Tubbs Jones v. Suster,* 84 Ohio St.3d 70, 701 N.E.2d 1002 (1998), citing *State ex rel. Smith v. Smith,* 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369 (1996); and *State ex rel. LTV Steel Co. v. Gwin,* 64 Ohio St.3d 245, 251, 594 N.E.2d 616, 621(1992). The lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter. Civ.R. 17.

*Summary Judgment*

**{¶11}** Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶12}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the

applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶13} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St. 3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St. 3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

{¶15} Appellants argue the trial court's entry granting summary judgment is erroneous as a matter of law because no documents, with the exception of the complaint and answers, were available for the trial court to consider when granting the motion for summary judgment. We disagree.

{¶16} In this case, the parties stipulated to utilize a special master to investigate and report on the issue of whether appellants had standing to file and maintain the

cause of action. The special master's report, incorporated into the motion for summary judgment, conclusively found the action was not commenced by a real party in interest. Subsequent to the special master's report, CFCD, by unanimous written action of the board, authorized dismissal of this action by resolution, expressly refusing to ratify this action. The affidavit of Richard Hull states he is a member of the board of trustees of CFCD and that the copy of the action of the board members to dismiss the above-captioned lawsuit is a true and accurate copy of the original document containing his signature and the signature of the other board members. The documents provided by appellees are of evidentiary quality and value pursuant to Civ.R. 56(C), indicate appellant Arthur is not a real party in interest, and that CFCD authorized dismissal of the action by resolution.

{¶17} As appellees met their evidentiary burden to establish there is no issue of material fact that Arthur is not a real party in interest and CFCD authorized dismissal of the action by resolution, appellants have the reciprocal burden to point to evidentiary material that suggests summary judgment is not warranted. No contrary Civ.R. 56(C) evidence was presented by appellants to indicate that Arthur was the real party in interest when this action was commenced or that CFCD did not authorize dismissal of the action. Further, Arthur's complaint is pled entirely upon his standing as president of CFCD. Because the CFCD board authorized dismissal of this action, CFCD, as the real party in interest, does not intend to join or substitute itself as the plaintiff in this action. Accordingly, we find there is no genuine issue of material fact remaining to be litigated and appellees are entitled to a judgment as a matter of law. The trial court did not err in granting summary judgment to appellees.

{¶18}  Appellants' assignment of error is overruled.

{¶19}  The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

WSG:clw 0603

[Cite as *Ctr. for Family & Child Dev. v. Daley*, 2013-Ohio-2592.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

THE CENTER FOR FAMILY AND
CHILD DEVELOPMENT, ET AL     :
    :
        Plaintiffs-Appellants     :
    :
    :
-vs-     :     JUDGMENT ENTRY
    :
MELISSA DALEY, ET AL     :
    :
    :
        Defendants-Appellees     :     CASE NO. CT2012-0054

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to appellants.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE