The STATE, ex rel. ADACHE,

v.

AVELLONE, Judge.

[Cite as *State, ex rel. Adache, v. Avellone* (1991), 70 Ohio App.3d 521.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–15–098.

Decided Jan. 14, 1991.

*John J. Hurley,* Jr., for relator.

*Steven C. LaTourette,* Prosecuting Attorney, *Mike Brown* and *Carolin Duncan,* for respondent.

*Per Curiam.*

Relator, Denise L. Adache, and her daughter are residents of Maryland, and have never been residents of Ohio. On August 2, 1989, a Maryland court granted relator custody of her child and granted the child's father, Brian A. Adache, "reasonable visitation rights." On March 14, 1990, the father filed a complaint for divorce in the state of Ohio, Lake County Court of Common Pleas. The complaint prayed, *inter alia,* for visitation rights. In May 1990, relator entered a limited appearance in the Lake County court and filed a motion to dismiss based upon the following allegations: the court (1) lacked personal jurisdiction, and (2) was prevented from exercising jurisdiction under the Uniform Child Custody Jurisdiction Act, R.C. 3109.21 *et seq.*

Respondent, the Honorable Ross D. Avellone, entered the following judgment entry on June 27, 1990:

"Upon review of this matter the Court finds that Defendant's [Relator's] Motion to Dismiss is partially well-taken.

"The Court notes that the child has never resided in this state and a Maryland Court has already exercised its jurisdiction over the issue of custody and support. However, this Court finds it does have jurisdiction to define and clarify the vague order of 'reasonable' visitation.

"Accordingly defendant's [relator's] Motion to Dismiss is hereby granted as to custody and support. * * * "

On July 26, 1990, relator petitioned this court to issue a writ of prohibition restraining the respondent from exercising any jurisdiction to hear and determine the issue of child visitation. On August 23, 1990, respondent filed his response to relator's petition. Based upon the pleadings, the following facts are uncontroverted:

Brian A. Adache and relator were married in Maryland on March 28, 1987. Their daughter, Michelle, was born in Maryland on June 3, 1988. Relator and her daughter have never resided in the state of Ohio. At the time that Brian Adache filed his complaint for divorce, relator and her daughter were residents of and domiciled in the state of Maryland. Finally, the Maryland court

order specifically awarded custody of the child to relator, subject to the reasonable visitation rights of Brian Adache.

Shortly after pretrial, relator filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) on December 6, 1990. Subsequently, respondent filed a cross-motion pursuant to Civ.R. 12(C) on December 11, 1990.

■ In order for a writ of prohibition to issue, a relator must establish three criteria: (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) such exercise of power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State, ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 544 N.E.2d 657; *State, ex rel. Tollis v. Court of Appeals* (1988), 40 Ohio St.3d 145, 532 N.E.2d 727.

It is clear here that the activity in question is unequivocally a judicial exercise with respect to the first foregoing prong. Accordingly, we summarily find that the first criterion is met.

■ With respect to the second criterion, the primary issue before us is whether Judge Avellone has *any* authority pursuant to Ohio's Uniform Child Custody Jurisdiction Act ("UCCJA"), R.C. 3109.21 to 3109.37, to exercise jurisdiction to "define and clarify the vague [Maryland] order of 'reasonable' visitation." For the following reasons, we find the assumption of jurisdiction to be wholly unauthorized by law.

The UCCJA limits interstate interference in *custody determinations,* and is intended " * * * to avoid jurisdictional conflict and to promote cooperation between state courts in *custody matters* so that a decree is rendered in the state that can best decide the best interest of the child." (Emphasis added.) *Mowrey, supra,* 45 Ohio St.3d at 349, 544 N.E.2d at 660. "Custody determination" is defined to include any judicial determination regarding the visitation rights of a child. R.C. 3109.21(B). Accordingly, Judge Avellone's exercise of jurisdiction may be evaluated pursuant to the provisions of the UCCJA.

R.C. 3109.22(A) permits an Ohio court to assume jurisdiction to determine custody when:

(1) Ohio is the child's home state; or

(2) it is in the best interest of the child because the child and at least one contestant have a significant connection with Ohio, and there is available in Ohio "substantial evidence concerning the child's present or future care, protection, training, and personal relationships"; or

(3) the child has been abandoned in this state or mistreated; or

(4) no other court has jurisdiction to appropriately consider the matter.

The only subsections of R.C. 3109.22 which are relevant to the case *sub judice* are (A)(2) and (A)(4). It is respondent's contention that under R.C. 3109.22(A)(2), the child has a "significant connection" with Ohio, based upon the fact that her father resides in this state. This argument is specious.

To adopt a rule whereby a child's "significant connection" with Ohio could be established solely by one parent residing in the state would excessively restrict the limitations of the UCCJA, thus nullifying their effect. Moreover, the very purpose of the UCCJA, which is to avoid conflict and promote cooperation, would be effectively undermined by such a rule. Accordingly, we find that in the absence of other "substantial evidence concerning the child's present or future care, protection, training, and personal relationship," the father's residence in the state alone is an inadequate basis here upon which the respondent can exercise jurisdiction.

As to R.C. 3109.22(A)(4), we note that, as a general principle of law, a court retains the inherent power to enforce its own custody decree through modification thereof. *Mowrey, supra*, 45 Ohio St.3d at 352, 544 N.E.2d at 663, fn. 1. Therefore, the jurisdiction to "clarify" any ambiguity as regards the term "reasonable visitation" is appropriately with the Maryland court, thus precluding the exercise of jurisdiction by an Ohio court.

■ Having found that the respondent had no jurisdiction whatsoever to proceed, as there is a patent and unambiguous statutory restriction on the jurisdiction of Ohio courts, we hold that relator is not obliged to establish the inadequacy or unavailability of an appeal in the ordinary course of the law. *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St.2d 326, 329, 59 O.O.2d 387, 388, 285 N.E.2d 22, 23–24. See, also, *State, ex rel. Smith, v. Court* (1982), 70 Ohio St.2d 213, 215–216, 24 O.O.3d 320, 321–322, 436 N.E.2d 1005, 1007–1008, and authority cited there.

Based upon the foregoing analysis, relator has met the standard for the requested writ of prohibition to issue. Relator's motion for judgment on the pleadings is well taken, and thus relator is entitled to judgment as requested. Further, since no valid reason appears to exist for the exercise of jurisdiction in this matter by the respondent, it is ordered that the respondent is prohibited from exercising jurisdiction on the issue of visitation in this matter upon the service of this writ. Respondent's cross-motion for judgment on the pleadings is accordingly overruled.

*Writ granted.*

CHRISTLEY, P.J., JOSEPH E. MAHONEY and FORD, JJ., concur.