DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Verni Nerren appeals the judgment of the Wayne County Court of Common Pleas, Juvenile Division, denying her motions for a visitation order and increased child support. We affirm.
Verni and Raymond Nerren were married on March 3, 1972. The parties were divorced on August 25, 1993 in Nashville, Tennessee. Two children were born as issue of the marriage: Dennis Randall, born December 21, 1981; and Rachel Parker, born May 25, 1984. The Tennessee court that granted Raymond a divorce from Verni awarded permanent custody of Rachel and Dennis to Raymond.
Thereafter, Verni sought custody of Rachel in the Wayne County Court of Common Pleas, Juvenile Division. After finding that it had concurrent jurisdiction with Tennessee in the matter, the trial court designated Verni as the residential parent of Rachel. The trial court also stated that Raymond Nerren was to have visitation with Rachel to the extent that Verni Nerren was permitted visitation with Dennis, "or as the parties may agree or is hereafter ordered upon request for hearing as to visitation," and ordered Raymond to pay to Verni support for Rachel in the amount of $150.00 per month.
On April 17, 1996, Verni moved the trial court for an order requiring Raymond to allow telephone visitation between Rachel and her brother Dennis. In this motion, Verni alleged that Raymond had stated to Verni "that he would never allow any more telephone calls or visitation for Rachel with her brother in Memphis or any place else as punishment for [Verni's] appearance at [a hearing on the issue of the custody of Dennis.]"
On May 13, 1996, Verni moved the trial court to increase support payments for Rachel. In this motion, Verni alleged that Rachel required counseling due to Raymond's alleged denial of visitation between Rachel and Dennis. On June 18, 1996, the magistrate issued his findings and decisions denying: 1)Verni's motion for visitation because the Wayne County Court of Common Pleas, Juvenile Division lacked jurisdiction in the matter; and 2) Verni's motion for increased child support for counseling. The trial court adopted the magistrate's decision as an order of the court. Verni filed objections to the magistrate's findings and decisions. The trial court overruled Verni's objections. Verni appeals, assigning three errors.
 I.
Verni's first assignment of error states:
 THE TRIAL COURT ERRED IN HOLDING THAT IT DID NOT HAVE JURISDICTION TO ORDER THE DEFENDANT-APPELLEE TO ALLOW VISITATION FOR THE BENEFIT OF THE CHILD BEFORE THE COURT WITH HER BROTHER WHO RESIDES IN TENNESSEE WITH DEFENDANT-APPELLEE PURSUANT TO A TENNESSEE COURT ORDER WHICH HAS BEEN REGISTERED IN WAYNE COUNTY COMMON PLEAS COURT.
R.C. 3109.31 governs the modification by an Ohio court of a parenting decree of a court in another state, and provides in part:
 (A) If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction.
R.C. 3109.22 governs the jurisdiction of an Ohio court to make a parenting determination relative to a child and provides in part:
 (A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 (1) This state is the home state of the child at the time of the commencement of the proceeding, or this state has been the child's home state within six months before commencement of the proceedings and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 (2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 (3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
 (4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction.
 (B) Except as provided in divisions (A)(3) and (4) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a parenting determination relative to the child.
 (C) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to make a parenting determination relative to the child.
The only subsection of R.C. 3109.22 that appears to be applicable is (A)(2). The record contains no evidence to support the exercise of jurisdiction over Dennis pursuant to any of the other subsections of R.C. 3109.22. R.C. 3109.21 to R.C. 3109.37
contain Ohio's codification of the Uniform Child Custody Jurisdiction Act ("UCCJA"). The UCCJA limits interstate interference with custody matters so that such a decree is rendered by a court in the state that can best decide the best interest of the child. State ex rel. Adache v. Avellone (1991),70 Ohio App.3d 521, 523. Pursuant to R.C. 3109.21(B), a custody or "parenting determination" includes a court decision or order designating visitation rights. Id.
"Determining custody under the Uniform Child Custody Jurisdiction Act is within the discretion of the trial court." Inre Skrha (1994), 98 Ohio App.3d 487, 493. The decision to decline jurisdiction over a custody matter pursuant to the UCCJA is also within the discretion of the trial court. Id. at 496; Bowen v.Britton (1993), 84 Ohio App.3d 473, 478.
Dennis does not have a "significant connection" with Ohio as required by R.C. 3109.22(A)(2) based solely on Verni's residence in the state. See State ex rel. Adache, supra, at 524. A party requesting that an Ohio court exercise jurisdiction over a child custody matter pursuant to the UCCJA must also present "substantial evidence concerning the child's present or future care, protection, training, and personal relationships." R.C.3109.22(A)(2). The magistrate's order states that Verni submitted telephone records as evidence that unsuccessful attempts were made by her to arrange visitation between Rachel and Dennis, but that Verni called no witnesses to testify in the matter. The magistrate further found that Dennis was "subject to orders of visitation made by the Chancery Court of Tennessee." Verni argued before the magistrate that it was in Rachel's best interest to have visitation with Dennis, however she failed to argue that it was inDennis' best interests for the trial court to exercise jurisdiction over him. The trial court certainly has jurisdiction over Rachel and custody and visitation matters concerning her, but Rachel's best interests are irrelevant for purposes of the trial court's exercise or refusal to exercise jurisdiction over Dennis, who is subject to the jurisdiction of the courts of Tennessee.
The trial court did not abuse its discretion when determining that it has no jurisdiction to modify a decree determining custody of or visitation with Dennis. Verni's first assignment of error is overruled.
 II.
Verni's second assignment of error states:
 THE TRIAL COURT ERRED IN NOT INCREASING CHILD SUPPORT PAYMENTS TO PROVIDE TREATMENT OF THE CHILD BEFORE IT FOR PSYCHOLOGICAL TRAUMA CAUSED BY DEFENDANT-APPELLEE'S REFUSAL TO ALLOW TELEPHONE CONVERSATION AND VISITATION BETWEEN THE CHILD AND HER BROTHER.
R.C. 3113.21.5(B)(4) governs modification of the amount of child support obligation and provides in part:
 [I]f an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order and if the court determines that the amount of support does not adequately meet the medical needs of the child, the inadequate coverage shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of child support order.
The magistrate stated that he denied Verni's motion to increase Raymond's child support obligation because:
 [n]o evidence was presented that medical costs for counseling services were incurred by Verni Nerren for Rachel Nerren. Further, no evidence was presented that psychotherapy was medically recommended or could not be obtained with minimal cost through the Counseling Center or Wayne County Children's Services Board.
Appellate review of factual determinations underlying a trial court's decisions concerning child support is limited to a determination of whether the court abused its discretion. Mallinv. Mallin (1995), 102 Ohio App.3d 717, 722. The factual determinations underlying the trial court's order are found in findings and decision of the magistrate. Likewise, these findings and the trial court's adoption of the magistrate's recommendations will not be disturbed absent an abuse of discretion. Zayed v.Zayed (1995), 100 Ohio App.3d 410, 417. The magistrate found that Verni presented no evidence of medical costs incurred for psychotherapy for Rachel. Our review of the record supports this finding. Absent evidence of a change of circumstances occasioned by increased medical costs, we find that the trial court did not abuse its discretion by denying Verni's motion to increase Raymond's child support obligation.
Verni's second assignment of error is overruled.
 III.
Verni's third assignment of error states:
 THE TRIAL COURT ERRED IN NOT AWARDING DEFAULT JUDGMENT TO PLAINTIFF-APPELLANT WHEN DEFENDANT-APPELLEE FAILED TO APPEAR AS ORDERED BY THE COURT AND AS SUBPOENAED, AND FAILED TO REQUEST A CONTINUANCE.
Civ.R. 55 governs default judgments and provides in part:
 (A) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]
Verni moved for default judgment in her objections to the magistrate's proposed decision. Civ.R. 75 governs the applicability of the Civil Rules to divorce actions and related proceedings. Civ.R. 75(F) states that "[t]he provisions of Civ.R. 55 shall not apply in divorce * * * actions." The overarching concern of a trial court when making decisions regarding the care, custody and support of a child is the best interest of the child. Granting a default judgment simply upon the request of the moving party without considering the best interest of the child would be inappropriate in these matters, as children are not property and one's continuing obligations to one's children cannot be reduced to a one-time judgment. The trial court has a duty to base its determination in custody matters on the evidence before it. The trial court held that Verni did not present evidence sufficient to establish that it would be in Dennis' best interest for the trial court to exercise its jurisdiction over him.
In addition, the trial court found that Verni failed to present evidence of medical costs which would allow it to modify Raymond's existing child support obligation. The trial court did not err in not granting default judgment to Verni.
Therefore, Verni's third assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne, Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P. J.
REECE, J. CONCUR.