OPINION
{¶ 1} Tara Galan appeals from the judgment of the Greene County Common Pleas Court, Juvenile Division, dismissing her paternity complaint.
 {¶ 2} On November 29, 2006, Galan, individually, and as next friend of Kayla Holbert, a minor, filed a complaint seeking to establish the paternity of Kayla. They asserted Kayla was born on July 9, 1996 to Renee Holbert and that the mother died May *Page 2 
24, 2006. Galan asserted that she is the cousin of Kayla and she brought the action on her own behalf as well as Kayla's. She asserted that defendant, Gerry Waters, is the biological father of Kayla and that defendant Timothy Holbert signed an acknowledgment of paternity knowing that he is not the biological father of Kayla. She also asserted that a "Mr. Cohee" was the original signer of the child's birth certificate indicating he was Kayla's father. In the prayer of the complaint, Galan requested that the court conduct genetic testing of Timothy Holbert to prove he is not Kayla's biological father and find that Gerry Waters is the child's father pursuant to Chapter 3111 of the Ohio Revised Code.
 {¶ 3} Both defendants filed answers to Galan's complaint and raised the defense that Galan had no standing to bring the paternity action and that the complaint failed to state a proper basis for relief.
 {¶ 4} The matter was referred to a magistrate who determined that Ms. Galan had no standing to bring the paternity action. The trial court overruled Ms. Galan's objections to the magistrate's recommendation. The court did find that Ms. Galan could bring the action as Kayla's next friend. The court, however, agreed with the magistrate that Ms. Galan's complaint must be dismissed. The court observed as follows:
 {¶ 5} "Ms. Galan contends that the Magistrate's reliance on Ohio R.C.3111.28, which limits those persons who can bring an action to rescind an acknowledgment of paternity to a man presumed to be the father under 3111.03, either person who signed the acknowledgment, or the guardian or legal custodian of the child, was misplaced, as Ms. Galan is not seeking to rescind Mr. Holbert's acknowledgment. (The court's records reflect that Mr. Holbert's acknowledgment became final in 1996, and the court *Page 3 
notes that Ohio R.C. Section 3111.28 requires that an action to rescind an acknowledgment of paternity must be brought no later than one year after it becomes final.) Ms. Galan contends that the child has a right to bring an action to determine paternity post acknowledgment, citingBroxterman v. Broxterman (1995), 101 Ohio App.3d 661. TheBroxterman case involved a paternity action brought on behalf of a minor child by the child's maternal grandparents and legal custodians seeking to challenge Mr. Broxterman's paternity which was established through a divorce decree. The Broxterman Court held that ` . . . after a decree of divorce or dissolution has been entered which includes an adjudication or agreement as to parentage and parental rights and obligations, a post-decree paternity action cannot be brought on a child's behalf absent an express determination by the court that such an action is in the best interest of the child,' Broxterman at 665. The Appellate Court reversed the trial court's dismissal of the paternity action, with instruction to apply the best-interest-of-the child test.
 {¶ 6} "Although Ms. Galan's position is that there should be no distinction between post-decree and post-acknowledgment, the Court does not agree. Ohio R.C. section 3111.03(C)(2) provides, as follows:
 {¶ 7} "`(2) A presumption of paternity that arose prior to the effective date of this amendment based on an acknowledgment of paternity that became final under former section 3111.211 [3111.21.1] or 5101.314 [5101.31.4] or section 2151.232 [2151.23.2] of the Revised Code is not a presumption and shall be considered a final and enforceable determination of paternity unless the acknowledgment is rescinded under section 3111.28 or 3119.962 [3119.96.2] of the Revised Code.' *Page 4 
 {¶ 8} "The statute precludes disturbing this determination of paternity by a parentage action.
 {¶ 9} "Ms. Galan next contends that Mr. Holbert's acknowledgment of paternity was invalid because Kayla's original birth certificate was signed by Mr. Cohee, giving rise to a presumption of his paternity, which can only be negated by genetic testing. Without commenting on the validity of this position, Ohio R.C. Section 3111.03 does not permit an acknowledgment of paternity, which has become final, to be challenged through a parentage action. The appropriate forum for challenging the validity of Mr. Holbert's acknowledgment would be the Greene County Probate Court, which approved the acknowledgment."
 {¶ 10} In her first assignment, Galan contends the trial court erred in recognizing Holbert's acknowledgment of paternity as a final enforceable action where paternity was established through fraud and violates R.C. 3111.03(C)(1).
 {¶ 11} Galan argues that "Mr. Cohee" should be presumed to be Kayla's father since he signed the child's birth certificate as an informant as provided in R.C. 3705.09. Galan argues that the legislature's use of the term "father" in R.C. 3705.09 demonstrates its intention to provide that the unmarried mother and man sign the birth certificate as informants, they make a binding acknowledgment that the man is in fact the putative father, also known as the "unwed biological father," citing In reAdoption of Greer (1994), 70 Ohio St.3d 293. Galan argues that if the father signs the birth certificate as the informant, it constitutes more than a presumption, it constitutes a binding acknowledgment of paternity.
 {¶ 12} Galan argues that R.C. 3111.03(C)(1) provides that the presumption of this *Page 5 
statute remains valid unless rebutted by clear and convincing evidence that includes the results of genetic testing. Galan argues that no clear and convincing evidence such as genetic testing was ever presented by Holbert in his action to acknowledge paternity. Lastly, she contends that since Holbert fraudulently presented himself as Kayla's biological father, the acknowledgment was defective and could not be considered final.
 {¶ 13} Holbert, for his part, argues that no evidence was ever presented to the trial court that someone named "Mr. Cohee" actually executed the child's initial birth record. Further, Holbert argues that the trial court correctly determined that Holbert's acknowledgment of paternity was a final determination of paternity unless the acknowledgment was rescinded under R.C. 3111.28 or 3119.962.
 {¶ 14} The process of recission itself is addressed by R.C. 3111.28:
 {¶ 15} "After an acknowledgment becomes final pursuant to section2151.232 [2151.23.2], 3111.25, or 3111.821 [3111.82.1] of the Revised Code, a man presumed to be the father of the child pursuant to section3111.03 of the Revised Code who did not sign the acknowledgment, either person who signed the acknowledgment, or a guardian or legal custodian of the child may bring an action to rescind the acknowledgment on the basis of fraud, duress, or material mistake of fact. The court shall treat the action as an action to determine the existence or nonexistence of a parent and child relationship pursuant to sections 3111.01 to3111.18 of the Revised Code. An action pursuant to this section shall be brought no later than one year after the acknowledgment becomes final. The action may be brought in one of the following courts in the county in which the child, the guardian or custodian of the child, or either person who signed the acknowledgment resides: the juvenile court or the domestic relations division of the *Page 6 
court of common pleas that has jurisdiction pursuant to section 2101.022
[2101.02.2] or 2301.03 of the Revised Code to hear and determine cases arising under Chapter 3111. of the Revised Code." (Id).
 {¶ 16} In the case of In re Adoption of Greer, supra, the supreme court held that unless the statutory consent requirement of R.C.3107.06(F)(3) is excused pursuant to R.C. 3107.07(B), a putative father who has signed the birth certificate of a child as informant as provided in R.C. 3705.09 has a statutory right to withhold his consent to the adoption of that child. The court merely addressed the statutory rights to notice of the adoption of an unadjudicated father and the case does not stand for the proposition asserted by the appellant.
 {¶ 17} In Thomas v. Cruz (November 12, 2003), Lorain App. 03-CA-008247, the Ninth District Court of Appeals held that the formal acknowledgment of paternity pursuant to R.C. 5101.314 could not be rebutted by the results of genetic testing because R.C. 3111.03 dictates when and how the presumption of paternity arises and the means by which it can be rebutted. The court noted that an acknowledgment of paternity pursuant to R.C. 5101.314 that became final is not a presumption and shall be considered a final and enforceable determination of paternity unless the acknowledgment is rescinded pursuant to R.C. 3111.28.
 {¶ 18} We agree with the trial court that Holbert's acknowledgment of paternity was a final and enforceable determination of Kayla's paternity unless that acknowledgment was properly rescinded under R.C. 3111.38 in R.C. 3119.962. The first assignment of error is Overruled.
 {¶ 19} In her second assignment, Ms. Galan argues that the trial court erred in *Page 7 
finding that she had to pursue a recission of paternity in the probate court, not the juvenile court. Holbert, for his part, argues this assignment should be overruled because Galan never pursued recission of his acknowledgment of Kayla's paternity pursuant to R.C. 3111.28. We agree. The second assignment of error is Overruled.
 {¶ 20} In her third assignment, Ms. Galan argues that the trial court erred in finding that R.C. 3111.28 does not allow a challenge by the minor child through a next friend in violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution. Holbert argues that Ms. Galan lacks standing to raise this constitutional claim on Kayla's behalf and, in any event, she waived this argument by not raising it in the trial court. This court is duty bound to avoid deciding a constitutional question presented when the matter can be disposed of on non-constitutional grounds. The third assignment of error is Overruled. The judgment of the trial court is Affirmed.
 WOLFF, P.J., and FAIN, J., concur. *Page 1