LARRY A. JONES, SR., J.:
{¶ 1} On September 28, 2017, the relators, T.L. (the mother) and K.L. (the acknowledging father) commenced this prohibition action against the respondent, the Cuyahoga County Court of Common Pleas, Juvenile Division ("Juvenile Court") to prohibit the respondent from ordering them and their daughter to undergo genetic testing in the underlying case, In the Matter of: P.L., Cuyahoga C.P., Juvenile Division No. PR 16 717446. In November 2016, the alleged father, A.P., commenced the underlying paternity action to determine whether he is the father of the girl, P.L. A.P. moved for genetic testing in April 2017, and the magistrate granted the motion. The relators objected, and the trial judge on September 15, 2017, overruled the objections and ordered the genetic testing.
{¶ 2} The relators then commenced this prohibition action. This court granted an alternative writ of prohibition on September 29, 2017, and stayed genetic testing until further order of this court. This court also allowed the alleged father to intervene on October 18, 2017, and allowed the Cuyahoga County Job and Family Services ("the County") to intervene on November 30, 2017. The respondent court filed its motion to dismiss on October 27, 2017. The County filed its brief on the matter when it moved to intervene. Although the County in its closing paragraph requests this court to clarify this area of the law-whether the law permits a juvenile court to order genetic testing after an acknowledgment of paternity has become final-the gravamen of the County's brief is to uphold the acknowledgment *255 and prohibit genetic testing. The other parties in the case never filed a response to the respondent's motion. For the following reasons, this court grants the respondent's dispositive motion, denies the application for a writ of prohibition, and dissolves the alternative writ.
{¶ 3} At issue in this case is Ohio's legislative scheme for determining paternity. R.C. 2151.23(B)(2) grants the Juvenile Court original jurisdiction "to determine the paternity of any child alleged to have been born out of wedlock pursuant to sections 3111.01 and 3111.18 of the Revised Code." R.C. 3111.04(A)(1) provides in pertinent part that an action to determine the existence or nonexistence of the father-child relationship may be brought by a man alleged or alleging himself to be the child's father. Subsection (B) provides that an agreement does not bar an action under this section. R.C. 3111.09(A)(1) empowers the Juvenile Court to order genetic testing: "In any action instituted under sections 3111.01 to 3111.18 of the Revised Code, the court, upon its own motion, may order and, upon the motion of any party to the action, shall order the child's mother, the child, the alleged father, and any other person who is a defendant in the action to submit to genetic tests." Thus, the respondent has the basic statutory jurisdiction over the underlying case and to order genetic testing.
{¶ 4} The relators, however, argue that R.C. 3111.02 and 3111.03 override the respondent's basic jurisdiction and preclude genetic testing. R.C. 3111.03 provides in pertinent part as follows:
(A) A man is presumed to be the natural father of a child under any of the following circumstances:
(1) The man and the child's mother are or have been married to each other, and the child is born during the marriage or is born within three hundred days after the marriage is terminated by death, annulment, divorce, or dissolution or after the man and the child's mother separate pursuant to a separation agreement.
* * *[1]
(3) An acknowledgment of paternity has been filed pursuant to section 3111.23[2] or former section 5101.314 of the Revised Code and has not become final under former section 3111.211 or 5101.314 or section 2151.232, 3111.25,[3] or 3111.821 of the Revised Code.
(B) A presumption that arises under this section can only be rebutted by clear and convincing evidence that includes the results of genetic testing, except that a presumption that is conclusive as provided in division (A) of section 3111.95 or division (B) of section 3111.97 of the Revised Code cannot be rebutted. An acknowledgment of paternity that *256 becomes final under section 2151.232, 3111.25, or 3111.821 of the Revised Code is not a presumption and shall be considered a final and enforceable determination of paternity unless the acknowledgment is rescinded under section 3111.28[4] or 3119.962 5 of the Revised Code. If two or more conflicting presumptions arise under this section, the court shall determine, based upon logic and policy considerations, which presumption controls.
R.C. 3111.02(B) provides: A court that is determining a parent and child relationship pursuant to this chapter shall give full faith and credit to a parentage determination made under the laws of this state or another state, regardless of whether the parentage determination was made pursuant to a voluntary acknowledgment of paternity, an administrative procedure, or a court proceeding.
{¶ 5} Finally, R.C. 3111.26 provides in pertinent part: "After an acknowledgment of paternity becomes final and enforceable, the child is the child of the man who signed the acknowledgment of paternity, as though born to him in lawful wedlock."
{¶ 6} In the present case, the mother gave birth to the girl on May 12, 2008. On May 14, 2008, the mother and K.L. executed an acknowledgment of paternity affidavit that was registered with the Ohio Central Paternity Registry and filed with the Cuyahoga County Job and Family Services-Office of Child Support. This acknowledgment of paternity has never been rescinded. In January 2010, the mother and K.L. were married in Florida, and in June 2011, had a second child. According to the prohibition complaint, K.L. has assumed all the responsibilities of a father to the children.
{¶ 7} The acknowledgment has been filed with both the birth registry and the office of child support. The limitations periods of R.C. 3111.27 and 3111.28 have long since passed. Thus, the acknowledgment has become final and enforceable. Therefore, the relators argue that under R.C. 3111.02 and 3111.03(B), the acknowledgment is not a mere presumption, but must be given full faith and credit like a final judgment. K.L. is the girl's father against all others, and no court may order otherwise. Therefore, prohibition will lie to prevent genetic testing and the disruption of their family.
{¶ 8} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial *257 power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher , 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe , 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Court of Darke Cty., 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas , 137 Ohio St. 273, 28 N.E.2d 641 (1940) ; and Reiss v. Columbus Mun. Court , 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush , 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988) ; and State ex rel. Csank v. Jaffe , 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas , 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v. Hoddinott , 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).
{¶ 9} Although the relators' argument is strong, it is not persuasive. The respondent judge is not patently and unambiguously without jurisdiction. Prohibition will not lie, if the court has basic statutory jurisdiction to hear the case, and an appeal in the ordinary course of the law is available. State ex rel. Adams v. Gusweiler, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972). In the present case, R.C. 2151.23(B)(2) and 3111.04 grant the respondent court the jurisdiction to adjudicate paternity actions. R.C. 3111.09(A)(1) requires the respondent to order genetic testing upon the motion of any party to the action. Moreover, the statutory scheme does not explicitly prohibit a man from establishing his paternity with a child.
{¶ 10} Clark v. Malicote , 12th Dist. Clermont No. CA2010-07-049, 2011-Ohio-1874, 2011 WL 1458696, presents the closest factual case. The mother, Malicote, and Clark executed an acknowledgment of paternity two days after the child's birth, and the acknowledgment was entered into the birth registry and sent to child support. Thus, it became final and enforceable. Approximately a year later, Shaw discovered that he might be the biological father, and genetic testing showed a 99.69 percent probability that he was the father. In response, Clark initiated legal proceedings against the mother for legal custody or for shared parenting. Shaw moved to intervene in this custody action, and the trial court denied the intervention. Shaw appealed this denial, and the appellate court affirmed, holding the trial court did not abuse its discretion in denying intervention, because a custody action is not necessarily the proper proceeding to establish paternity.
{¶ 11} However, the court stated that its holding did not foreclose Shaw from pursuing *258 relief as the biological father. "[T]he finality of the acknowledgment does not amount to a permanent deprivation of Shaw's parental rights as would an adoption or an award of permanent custody to a children services agency." Id. at ¶ 21. Noting the fundamental right of a natural parent to rear his child, the court suggested that Shaw pursue his own civil paternity action before seeking custody. The appellate court also questioned the wisdom of elevating finality over perfection in parentage, custody, and support cases, if such finality forced the parties to live a lie.
{¶ 12} In addition to the Twelfth District's thoughts, this court adds its own observations that a child has an interest in knowing the identity of his or her own biological father and having that parentage established. Such would give the child access to the family medical history and inheritance and other survivorship rights.
{¶ 13} The cases cited by the relators are distinguishable. In In re Elliot , 3d Dist. Putnam No. 12-10-02, 2010-Ohio-5405, 2010 WL 4471277, and Thomas v. Cruz , 9th Dist. Lorain No. 03CA008247, 2003-Ohio-6011, 2003 WL 22657864, the biological fathers were never even attempted parties. Similarly, in Galen v. Holbert, 2d Dist. Greene No. 2007-CA-75, 2008-Ohio-1586, 2008 WL 853302, a cousin, trying to act as a guardian of the child, brought the paternity action. Thus, the critical element of a man asserting his rights as a natural father was not present in these cases, and they are not controlling.
{¶ 14} In summary, the respondent court is not patently and unambiguously without jurisdiction to adjudicate the paternity action and to order genetic testing. R.C. 2151.23, 3111.04 and 3111.09 grant it the basic jurisdiction to do so. The statutory scheme of R.C. Chapter 3111 does not explicitly divest the court of such jurisdiction. The case law may not be controlling, but Malicote is persuasive to allow the respondent court to proceed.
{¶ 15} Accordingly, this court grants the respondent's dispositive motion, denies the application for a writ of prohibition, and dissolves the alternative writ. The respondent court may proceed to adjudicate the underlying case. Relators to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).
{¶ 16} Writ denied.
MARY EILEEN KILBANE, P.J., and MARY J. BOYLE, J., CONCUR

Subsection (A)(2) establishes a presumption of paternity if a child is born in an attempted or invalid marriage.

Pursuant to R.C. 3111.23, the acknowledgment of paternity is made by the mother of the child and the man acknowledging he is the father by executing an affidavit saying that the man is the father and then filing the acknowledgment with the office of child support.

R.C. 3111.25 provides: An acknowledgment of paternity is final and enforceable without ratification by a court when the acknowledgment has been filed with the office of child support, the information on the acknowledgment has been entered in the birth registry, and the acknowledgment has not been rescinded and is not subject to possible rescission pursuant to section 3111.27 of the Revised Code. R.C. 3111.27 imposes a 60-day limitation period for rescinding an acknowledgment.

R.C. 3111.28 allows a man presumed to be the father, either person who signed the acknowledgment, a guardian or legal custodian of the child to bring an action to rescind the acknowledgment on the basis of fraud, duress, or material mistake of fact. Such an action must be brought within one year after the acknowledgment becomes final.